AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 2:13-cr-270-1 |
| ATIBA WARREN | ) | USM Number: 34900068 |
| | ) | R. DAMIEN SCHORR |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. 922(g)(1) | POSSESSION OF A FIREARM BY A CONVICTED FELON | 10/23/2012 | 1 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/12/2016
Date of Imposition of Judgment

_____
Signature of Judge

MARK R. HORNAK, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

9/12/2016
Date

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment—Page 2 of 6

DEFENDANT: ATIBA WARREN
CASE NUMBER: 13-270-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
ONE-HUNDRED AND NINETY-TWO (192) MONTHS

☒ The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE INCARCERATED AT A FEDERAL MEDICAL CENTER AS CLOSE TO BALTIMORE, MD AS POSSIBLE, AND SPECIFICALLY, AT FMC BUTNER. THAT THE TIME SERVED BY THE DEFENDANT WHILE IN STATE CUSTODY BE APPLIED TO HIS FEDERAL SENTENCE TO THE EXTENT PERMITTED BY LAW. THAT THE DEFENDANT RECEIVE ALL APPROPRIATE MENTAL HEALTH AND DRUG/ALCOHOL EVALUATIONS AND TREATMENT.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ATIBA WARREN
CASE NUMBER: 13-270-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE (5) YEARS

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:        ATIBA WARREN
CASE NUMBER:   13-270-1

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH ASSESSMENT AND/OR TREATMENT PROGRAM APPROVED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE COURT. THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES IN AN AMOUNT DETERMINED BY THE PROBATION OFFICE.  THESE COSTS SHALL NOT EXCEED THE ACTUAL COST OF THE SERVICE. THE PROBATION OFFICE IS AUTHORIZED TO RELEASE THE DEFENDANT'S PRESENTENCE REPORT TO THE TREATMENT PROVIDER IF SO REQUESTED.

15) THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS, BUSINESS OR PLACE OF EMPLOYMENT, TO A SEARCH, CONDUCTED BY A UNITED STATES PROBATION OR PRETRIAL SERVICES OFFICER AT A REASONABLE TIME AND IN A REASONABLE MANNER, BASED UPON, BASED UPON REASONABLE SUSPICION OF CONTRABAND OR EVIDENCE OF A VIOLATION OF A CONDITION OF SUPERVISION. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION.  THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMESIS MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION.

16) THE DEFENDANT SHALL PARTICIPATE IN AN ALCOHOL AFTERCARE TREATMENT PROGRAM APPROVED BY THE PROBATION OFFICER, WHICH MAY INCLUDE URINE TESTING, UNTIL RELEASED FROM THE PROGRAM BY THE COURT. THE DEFENDANT IS PROHIBITED FROM CONSUMING ALCOHOL.  THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES IN AN AMOUNT DETERMINED BY THE PROBATION OFFICE.  THE COSTS SHALL NOT EXCEED THE ACTUAL COST OF THE SERVICE.

17) THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM OF TESTING AND, IF NECESSSARY, TREATMENT FOR SUBSTANCE ABUSE, SAID PROGRAM TO BE APPROVED IN ADVANCE BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE COURT.  FURTHER, THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR ANY SUCH TREATMENT IN AN AMOUNT DETERMINED BY THE PROBATION OFFICER, BUT NOT TO EXCEED THE ACTUAL COST.  THE DEFENDANT SHALL SUBMIT TO ONE DRUG URINALYSIS WITHIN 15 DAYS AFTER BEING PLACED ON SUPERVISION AND AT LEAST TWO PERIODIC TESTS THEREAFTER.

18) IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL NOT INTENTIONALLY PURCHASE, POSSESS AND/OR USE ANY SUBSTANCE(S) DESIGNED TO SIMULATE OR ALTER IN ANY WAY THE DEFENDANT'S OWN URINE SPECIMEN. IN ADDITION, THE DEFENDANT SHALL NOT PURCHASE, POSSESS AND/OR USE ANY DEVICE(S) DESIGNED TO BE USED FOR THE SUBMISSION OF A THIRD PARTY URINE SPECIMEN.

19) THE DEFENDANT SHALL COOPERATE IN THE COLLECTION OF DNA AS DIRECTED BY THE PROBATION OFFICER, PURSUANT TO 28 C.F.R. § 28.12, THE DNA FINGERPRINT ACT OF 2005, AND THE ADAM WALSH CHILD PROTECTION AND SAFETY ACT OF 2006.

20) THE DEFENDANT SHALL FORFEIT TO THE UNITED STATES THE FOLLOWING PROPERTIES WHICH ARE ALSO IDENTIFIED IN THE FORFEITURE ALLEGATION. SPECIFICALLY, THE DEFENDANT SHALL FORFEIT ONE (1) TAURUS INTERNATIONAL, THE JUDGE, .45LC/.410 CALIBER PISTOL BEARING SERIAL NUMBER CT 834363.

AO 245B (Rev. 02/16) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: ATIBA WARREN | Judgment — Page 5 of 6 |
| CASE NUMBER: 13-270-1 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ .An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page  6  of  6

DEFENDANT:      ATIBA WARREN
CASE NUMBER:    13-270-1

## ADDITIONAL FORFEITED PROPERTY

1) THE DEFENDANT SHALL FORFEIT TO THE UNITED STATES THE FOLLOWING PROPERTIES WHICH ARE ALSO IDENTIFIED IN THE FORFEITURE ALLEGATION. SPECIFICALLY, THE DEFENDANT SHALL FORFEIT ONE (1) TAURUS INTERNATIONAL, THE JUDGE, .45LC/.410 CALIBER PISTOL BEARING SERIAL NUMBER CT 834363.