```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA

                        PLAINTIFF

            vs.                  CRIMINAL ACTION NO. 13-270

ATIBA WARREN,

                        DEFENDANT
_____

                        PROCEEDINGS

     Transcript of HEARING ON SCHEDULING AND STATUS
CONFERENCE, commencing on TUESDAY, APRIL 29, 2014, AT
2:45 P.M., in the United States District Court, Sixth Floor,
U.S. Post Office and Courthouse Building, Pittsburgh,
Pennsylvania, before the HONORABLE MARK R. HORNAK, UNITED
STATES DISTRICT COURT JUDGE.


APPEARANCES:

For the Government: By:   Katherine King, Esquire
                          Assistant U.S. Attorney
                          Office of the United States Attorney
                          Fourth Floor, U.S. Courthouse
                          Pittsburgh, Pennsylvania 15219

For the Defendant:  By:   Richard Schomaker, Esquire
                          10060 Timbara Court
                          Wexford, Pennsylvania 15090
                          (Defendant present with counsel.)

Reported by:              Sandra Wenger, FCRR, RMR
                          Official Court Reporter
                          Fifth Floor, U.S. Courthouse
                          Pittsburgh, Pennsylvania 15219
                          412.261.6254

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

```
 1        TUESDAY AFTERNOON SESSION, APRIL 29, 2014, 2:45 P.M.
 2                      P R O C E E D I N G S
 3                              - - -
 4            (Whereupon, the following in-chambers conference was
 5   had.)
 6            THE COURT:  This is a date and time set for a status
 7   and scheduling conference in Criminal Docket No. 13-270.  It's
 8   the United States of America versus Atiba Warren.
 9            Present on behalf of the United States is
10   Ms. Katherine King.  On behalf of Mr. Warren is Mr. Schomaker.
11            I simply set the scheduling and status conference to
12   see what's going on.  The case had begun with an indictment
13   back in October of 2013.  I've granted the motions for
14   extension of time.  There is no problem from the, from the
15   Court's standpoint, but I sort of keep an eye on the calendar.
16   And when it's an indictment or an information has been around
17   as long as this one has, I just always like to check in.
18            So, Ms. King, anything that you want to bring the
19   Court up-to-date on?
20            MS. KING:  Your Honor, I believe that it was right
21   around the time I was going out on leave when defense counsel
22   changed in this case.
23            THE COURT:  Right.  I see Mr. Adepoju used to be on
24   the case.
25            MS. KING:  That's correct.  So, I have been in some
```

1  plea discussions with him and then those have continued with
2  Mr. Schomaker.
3              I understand that you went to speak with him
4  yesterday?
5              MR. SCHOMAKER:  Actually, this morning.
6              MS. KING:  This morning, then.
7              THE COURT:  Yes.  Mr. Schomaker, any updates?
8              MR. SCHOMAKER:  So, I can make our meeting more
9  meaningful.  He signed a form for the pre-plea.
10             THE COURT:  Okay.  For a pre-plea report from
11 Probation?
12             MR. SCHOMAKER:  Probation report; yes.
13             THE COURT:  And so, you'll be requesting that one be
14 prepared?
15             MR. SCHOMAKER:  Yes.
16             THE COURT:  Okay.  Ms. King, does the government
17 have any position on that.
18             MS. KING:  I'm fine with it, Your Honor.  There's,
19 actually, quite a bit of confusion as to his criminal history.
20 It's impossible for me to determine whether he is qualified as
21 an armed career criminal or not.  The majority of his criminal
22 history is from Maryland and the information that we're able
23 to receive from them is just not as full as the information we
24 receive from Pennsylvania, usually.
25             It's possible that he is not an armed career

1  criminal, and that would benefit him.
2              THE COURT:  It's possible that he is?
3              MS. KING:  That he is; right.
4              MR. SCHOMAKER:  I'm a little confused by that.  I
5  thought we agreed he was not an armed career criminal.
6              MS. KING:  I've explained that it's my belief that
7  he, that he is not.  But it's possible that he is.  It's
8  impossible to tell with the records that we have.
9              THE COURT:  Okay.
10             MR. SCHOMAKER:  Yes.
11             THE COURT:  Then I'll enter an order for a pre-plea
12 criminal history career or armed career criminal investigative
13 report that will be disclosed to the parties approximately
14 sixty days from the date of the order.
15             MR. SCHOMAKER:  So, you don't need me to file for a
16 request?
17             THE COURT:  If you are making it orally.
18 Mr. Schomaker, the government is not opposing it.  That's good
19 enough for the Court.
20             MR. SCHOMAKER:  Good enough for me.
21             THE COURT:  Okay.  Well, then the Court will
22 consider that to be a motion.  The United States does not
23 oppose it.  I'll grant the motion.  I'll enter the order of
24 Court this afternoon.
25             It's my understanding from Mr. Babik that you have

Case 2:13-cr-00270-MRH   Document 217   Filed 10/28/16   Page 5 of 7

5

1  also provided a form signed by Mr. Warren that is appropriate
2  that would give the Court access to that report.
3          MR. SCHOMAKER:  Correct.
4          THE COURT:  With his consent?
5          MR. SCHOMAKER:  Correct.
6          THE COURT:  Okay.  Well, then we'll do that right
7  now.
8          MR. SCHOMAKER:  Pretrial motions are due June 22.
9          THE COURT:  Well, this will put the brakes on all of
10 that.
11         MR. SCHOMAKER:  Okay.
12         THE COURT:  Until we see what the report says, do
13 you have any objection to that?
14         MS. KING:  No, Your Honor, as long as the Speed
15 Trial clock is stopped.
16         THE COURT:  Stopped by virtue of this order.  We'll
17 get the pre-plea report, then we'll set a new date for any
18 pretrial motions that will be due.
19         Is that acceptable to you, Mr. Schomaker?
20         MR. SCHOMAKER:  Certainly.  I will prepare a motion
21 for another extension of time.
22         THE COURT:  Then you'll have the benefit of seeing
23 the pre-plea report determining whether to make any motions,
24 what they might be.  Ms. King will have the same benefit on
25 behalf of the United States.

1           MS. KING:  Thank you, Your Honor,.

2           THE COURT:  Okay.  Mr. Schomaker, is there anything
3  else you think we ought to talk about today?

4           MR. SCHOMAKER:  No.  I think if we can just
5  understand the complexity of the historical situation here to
6  determine his category, his criminal history category.  It
7  could be a five.  It could be as low as a six.  It could be
8  it's quite fluid.  And I think that the pre-plea presentence
9  investigation report will clear up a lot.

10          THE COURT:  Okay.  Well, then we'll enter that.
11          And, Brian, then we'll also enter an order that
12 will, whatever remaining time, we'll set a period of time
13 targeted beginning with the date that the pre-plea report is
14 made available to counsel.  We'll set a date after that for
15 when Mr. Schomaker's motions, if any, would be due.  And then
16 that will all be on the docket and it will stop the clock
17 until that all gets sorted out.  Okay.

18          MR. SCHOMAKER:  All right.

19          THE COURT:  Terrific.  Ms. King, anything else we
20 ought to take care of today from the government's perspective?

21          MS. KING:  No, Your Honor.

22          THE COURT:  Mr. Parsons, anything we've not spoken
23 with counsel about that we need to?

24          MR. PARSONS:  No, Judge.

25          THE COURT:  Thank you, Mr. Schomaker, for coming in.

1  Pleasure to meet you.
2           Ms. King, always good to see you.
3           MR. SCHOMAKER:  Thank you.
4           (Whereupon, Court was adjourned on the twenty-ninth
5  day of April, 2014.)
6                    C E R T I F I C A T E
7                            - - -
8           I certify by my original signature herein that the
9  foregoing is a correct transcript from the record of
10 proceedings in the above-entitled matter.
11
12
                                     s/Sandra Wenger, FCRR, RMR
13                                   Official Court Reporter
14                                   DATED: October 28, 2016
15
16      *****NOT CERTIFIED WITHOUT ORIGINAL SIGNATURE*****
17
18
19
20
21
22
23
24
25