```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

_____

UNITED STATES OF AMERICA

                    PLAINTIFF

          vs.                      CRIMINAL ACTION NO. 13-270

ATIBA WARREN,

                    DEFENDANT
_____

                          PROCEEDINGS

    Transcript of TELEPHONIC PRETRIAL CONFERENCE, commencing on TUESDAY, AUGUST 19, 2014, AT 11:30 A.M., in the United States District Court, Sixth Floor, U.S. Post Office and Courthouse Building, Pittsburgh, Pennsylvania, before the HONORABLE MARK R. HORNAK, UNITED STATES DISTRICT COURT JUDGE.

APPEARANCES:

```
For the Government: By:  Katherine King, Esquire
                         Assistant U.S. Attorney
                         Office of the United States Attorney
                         Fourth Floor, U.S. Courthouse
                         Pittsburgh, Pennsylvania 15219

For the Defendant:  By:  Richard Schomaker, Esquire
                         10060 Timbara Court
                         Wexford, Pennsylvania  15090
                         (Defendant present with counsel.)

Reported by:             Sandra Wenger, FCRR, RMR
                         Official Court Reporter
                         Fifth Floor, U.S. Courthouse
                         Pittsburgh, Pennsylvania 15219
                         412.261.6254
```

Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

```
 1         TUESDAY MORNING SESSION, AUGUST 19, 2014, 11:30 A.M.
 2                        P R O C E E D I N G S
 3                                - - -
 4         (Whereupon, the following telephonic in-chambers
 5   conference was had.)
 6         THE COURT:  Good morning, everyone.  This is Mark
 7   Hornak in Pittsburgh.  Present in the conference room with me
 8   are my Courtroom deputy, Mr. Brian Babik, and one of my law
 9   clerks, Mr. Joe Parsons.  Our court reporter today is
10   Ms. Sandy Wenger.
11         Ms. Wenger, we're here on 13-CR-270, the United
12   States of America versus Atiba Warren.  Mr. Schomaker, is it
13   Atiba?  Atiba Warren?
14         MR. SCHOMAKER:  Atiba.
15         THE COURT:  Atiba.  Mr. Atiba Warren is the
16   defendant.  He is not present.  This is a scheduling and
17   status conference only.
18         Present on the phone on behalf of the United States
19   is Ms. Katherine King; is that correct?
20         MS. KING:  Yes, Your Honor.
21         THE COURT:  Anyone with you, Ms. King?
22         MS. KING:  No.
23         THE COURT:  And we have Mr. Schomaker on behalf of
24   Mr. Warren.  Mr. Schomaker, anyone with you?
25         MR. SCHOMAKER:  No.
```

1  THE COURT: I asked for this telephone status
2 conference simply because we had the filing of a series of
3 pretrial motions by Mr. Schomaker on Mr. Warren's behalf.  We
4 had a timely response in an omnibus fashion by Ms. King.
5  We were all set to go to a hearing and argument
6 tomorrow on that and then we received ECF No. 47, a week ago,
7 filed by Mr. Schomaker on Mr. Warren's behalf asking to
8 postpone the hearing and argument and seeking permission to
9 amend the defendant's motion to dismiss the indictment.
10  I was traveling last week.  We entered a text order
11 that did two things.  It indicated we would be moving the
12 hearing tomorrow, but I wanted to have a telephone status
13 conference just to have a little better understanding about
14 what paragraph 3, Mr. Schomaker, of your motion was all about
15 and what we could be expecting in terms of the motion so that
16 I can make sure we have enough time for the reconvened
17 hearing.
18  And in fairness to Ms. King, that we give her enough
19 time to respond to whatever might be coming in, in writing,
20 before we have that hearing.  So. the floor is yours,
21 Mr. Schomaker.
22  MR. SCHOMAKER: Well, Your Honor, I'm not going to
23 say anything disparaging of my client.
24  THE COURT: Wouldn't expect it for a minute.
25  MR. SCHOMAKER: I can say he is a very persistent

1   man.  Hands on.  When I got back from vacation just before
2   filing my motion to continue, I received a battery of cases
3   from him that were somewhat complicated and deserved study.
4   I have not had the opportunity, yet, to make copies of those
5   cases.  He wants me to meet with him and review those cases.
6   And I, thanks to opposing counsel, received some cases that
7   are counter to his cases.
8          Basically, I need to follow a process with this
9   defendant of discussion, reasoning, even jostling, and I'm
10  afraid if I don't do that there will be a breakdown in
11  communications with my client.  I'm the second lawyer to
12  represent this gentleman.
13         THE COURT:  I saw Mr. Adepoju had previously been on
14  the matter.
15         MR. SCHOMAKER:  Pardon me, Your Honor?  I didn't --?
16         THE COURT:  I think the docket showed that
17  Mr. Adepoju from the Public Defender's Office had previously
18  been on the case.
19         MR. SCHOMAKER:  Yes.
20         THE COURT:  Okay.  So, would you anticipate,
21  Mr. Schomaker, that it's distinctly possible that there will
22  be additional pretrial motions, making arguments or
23  contentions?  What you anticipate could be happening is more
24  than supplementation of what you have already filed, but it
25  could be down different avenues or initial avenues.

1           MR. SCHOMAKER:  I don't think so.  This is the only
2   thing that, this jurisdictional issue is the only thing that
3   he's launched onto and is adamant about.  That could change,
4   but right now I wouldn't predict it.
5           THE COURT:  So, you would be looking at a hearing
6   about sixty days out.
7           MR. SCHOMAKER:  Yes.
8           THE COURT:  Okay.  Ms. King, what do you think about
9   all that?
10          MS. KING:  The government doesn't oppose any
11  extension of time for an argument regarding the jurisdictional
12  issue.  However, it is our position that this issue has been
13  precluded by Third Circuit case law.  So, we don't anticipate
14  needing much time at all to respond to any additional motion.
15          THE COURT:  Could someone fill me in a little bit on
16  what the jurisdictional issue might be or could be?  When I
17  hear jurisdiction, I assume someone's arguing that the Court
18  is without power to adjudicate something.  So, could you give
19  us a preview of coming attractions, Mr. Schomaker, as best you
20  can?
21          MR. SCHOMAKER:  Yes.  Well, Mr. Warren has produced
22  certain cases to me.  I haven't seen them, yet.  It's always
23  in his handwriting and he feels that the commerce clause does
24  not not give the power to law enforcement officials to
25  confiscate a gun because it's not civil officials to

1  confiscate a gun or wanting to prosecute him for interstate
2  commerce violations.  He feels that these cases that he has
3  demonstrate that there is a jurisdictional vacancy here.
4          THE COURT:  Okay.
5          MR. SCHOMAKER:  And I really need to study these
6  cases.  I need to study the counter cases and sit down and
7  reason with him.
8          THE COURT:  No.  No.  That gives me a preview of,
9  and I was just looking for something, you know, fairly
10 generic.  And that's helpful.  For instance, I wasn't sure
11 whether the argument would be that the crime charged is an
12 immunity crime against the laws of the United States, but that
13 what you have outlined is plenty for me.
14         Ms. King, you believe, based on what you anticipate
15 the argument might be, that you'll be pointing to conclusive
16 and controlling Third Circuit decisional law that addresses
17 what you anticipate the issue raised might be?
18         MS. KING:  Yes, Your Honor.
19         THE COURT:  Okay.  Well, then if we set the hearing
20 and argument for sometime in October, and, Ms. King, we make
21 sure you have at least two weeks to respond ahead of that,
22 will that work for you, Mr. Schomaker and Ms. King?
23         MS. KING:  Yes.
24         MR. SCHOMAKER:  Yes.  The only thing about October,
25 Your Honor, is I'm scheduled to start a jury trial on the

1    twenty-seventh.

2             THE COURT:  Okay.  Twenty-seventh of October?

3             MR. SCHOMAKER:  Yes.

4             THE COURT:  We'll make sure we don't trample on

5    that.  How long do you think that one will go?

6             MR. SCHOMAKER:  The government estimates two weeks.

7             THE COURT:  Okay.  Well, we'll make sure that we

8    steer clear of that.

9             Ms. King, do you have any sense of block-out issues

10   with your calendar in October that we should be attentive to?

11            MS. KING:  Not in October, Your Honor.

12            THE COURT:  Well, then we'll enter an order today

13   that continues tomorrow's hearing, triggers the speedy trial

14   exemption language that's appropriate in this case.

15            Ms. King, make sure that you have at least fourteen

16   or fifteen days to respond to any filings by Mr. Schomaker and

17   we'll go from there.  And it will be set as a hearing and

18   argument.  So, we'll hear argument on any purely legal issue.

19   To the extent anyone thinks that witnesses, or testimony, or

20   exhibits on anything, is appropriate or helpful, that will be

21   your time.  I'll make sure I set aside plenty of time for us

22   to do whatever needs to be done that day.

23            MR. SCHOMAKER:  Would you somehow like a head's up

24   on how much time I, for example, would feel would be

25   appropriate?

1              THE COURT:  What, what are you thinking,
2  Mr. Schomaker, based on what you know?
3              MR. SCHOMAKER:  I won't know until I talk to my
4  client.
5              THE COURT:  Okay.
6              MR. SCHOMAKER:  It could be very fast, for example,
7  on the discovery matters, as opposing counsel and I have
8  cooperated and will cooperate, I think.  So, that will go very
9  quickly.  The other motion, there is one motion that might be
10 involving testimony.  But it's a matter of strategy and I need
11 to discuss that with him.
12             THE COURT:  That's the suppression motion.
13             MR. SCHOMAKER:  Yes.
14             THE COURT:  Okay.  You anticipate, based on, had the
15 hearing gone ahead tomorrow, based on what you know now, would
16 you have anticipated calling any witnesses or simply cross-
17 examining others?
18             MR. SCHOMAKER:  I, again, it depends on what my
19 client wishes to do.
20             THE COURT:  Okay.  Well, if I block out either an
21 entire morning or entire afternoon, do either counsel see that
22 as being insufficient?
23             MR. SCHOMAKER:  No.
24             MS. KING:  I do not, Your Honor.
25             MR. SCHOMAKER:  I, I don't.  I, I don't either.

1              THE COURT:  What we'll probably do is make you folks
2    the only game in town for either.  Where is Mr. Warren?   Is
3    Mr. Warren in custody, Mr. Schomaker?
4              MR. SCHOMAKER:  Allegheny County Jail.
5              THE COURT:  Okay.  So, we could even do -- so,
6    you'll either be 9:30 and then nothing scheduled till 1:30 the
7    same day.  Or, you'll be 1:30 and nothing else scheduled the
8    balance of the day.  If it's done quicker, terrific.  If we
9    need to use all the time, that's fine, too.
10             MR. SCHOMAKER:  Okay.
11             MS. KING:  Thank you, Your Honor.
12             THE COURT:  Mr. Schomaker, any other business you
13   think we ought to take care of in terms of status or
14   scheduling of the matter?
15             MR. SCHOMAKER:  No, Your Honor.  Thank you.
16             THE COURT:  How about from your end, Ms. King?
17             MS. KING:  No, Your Honor.  Thank you.
18             THE COURT:  Well, you're most welcome.
19   Mr. Schomaker.
20             Ms. Wenger's taken this all down.  She doesn't make
21   a transcript unless someone orders it.  I'm not ordering it.
22             Mr. Babik, is there anything we needed to talk with
23   counsel about that we've not already squared away?
24             MR. BABIK:  Nothing else, Your Honor.
25             THE COURT:  Mr. Parsons, anything else?

1              MR. PARSONS:  No, Judge.
2              THE COURT:  Well, thank you, counsel.  This has been
3    very helpful to me.  I now have a better idea of what we need
4    to be planning for.  We'll get an order entered.  We'll take
5    tomorrow's hearing and argument off the calendar.  Thank you
6    very much.
7              MR. SCHOMAKER:  Thank you, Your Honor.
8              MS. KING:  Thank you, Your Honor.
9              (Whereupon, the telephonic in-chambers conference
10   was concluded on the nineteenth day of August, 2014.)
11                       C E R T I F I C A T E
12                              - - -
13             I certify by my original signature herein that the
14   foregoing is a correct transcript from the record of
15   proceedings in the above-entitled matter.
16
17
                                  s/Sandra Wenger, FCRR, RMR
18                                Official Court Reporter
19                                DATED: October 28, 2016
20
21        *****NOT CERTIFIED WITHOUT ORIGINAL SIGNATURE*****
22
23
24
25