IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA,
                    Plaintiff,

                                        Criminal Action
            vs                          No. 13-270

ATIBA WARREN,
                    Defendant.

_____


            Transcript of proceedings held on Tuesday,
September 9, 2014, United States District Court, Pittsburgh,
Pennsylvania, before the Honorable Mark R. Hornak, U.S.
District Court Judge.


APPEARANCES:

For the Government:           Katherine A. King, Esq.
                              United States Attorney's Office
                              700 Grant Street
                              Suite 4000
                              Pittsburgh, PA 15219
                              katherine.king@usdoj.gov

For the Defendant:            Richard C. Schomaker, Esq.
                              10060 Timbarra Court
                              Wexford, PA 15090
                              rschomaker10060@comcast.net




Court Reporter:               Shirley Ann Hall, RDR, CRR
                              6260 U.S. Courthouse
                              Pittsburgh, PA 15219
                              (412) 765-0408


Proceedings recorded by digital stenography; transcript
produced by computer-aided transcription.

```
 1                       P R O C E E D I N G S
 2        (In open court.)
 3              THE COURT:  Please be seated, everyone.
 4              Ready Ms. Hall?
 5              MRS. HALL, COURT REPORTER:  Yes, sir.
 6              THE COURT:  We're here this afternoon in the case of
 7   the United States of America versus Mr. Atiba Warren.
 8              Will counsel for the United States of America please
 9   enter her appearance.
10              MS. KING:  Good afternoon, Your Honor.
11   Katherine King for the United States.
12              THE COURT:  Good afternoon, Miss King, good to see
13   you.
14              And will counsel for Mr. Warren please enter his
15   appearance.
16              MR. SCHOMAKER:  Richard Schomaker.
17              THE COURT:  Good afternoon, Mr. Schomaker.  Good to
18   see you this afternoon, sir.
19              And who is seated with you at counsel table?
20              MR. SCHOMAKER:  This is the Defendant, Atiba Warren,
21   Your Honor.
22              THE COURT:  Good afternoon.  Is it your lawyer,
23   Mr. Schomaker, who is seated next to you at counsel table?
24              DEFENDANT WARREN:  Yes.
25              THE COURT:  I would ask everyone if they could pull
```

1:09:14PM 1   the microphones in a little bit so we can hear what's going on

2   and everyone may participate in the hearing from their seats.

3          Mr. Babik, will you administer the oath to

4   Mr. Warren.

5          MR. BABICK, DEPUTY CLERK:  Please stand and raise

6   your right hand.

7       (Defendant sworn.)

8          MR. BABICK, DEPUTY CLERK:  Please state your name for

9   the record.

10          DEFENDANT WARREN:  Atiba Warren.

11          THE COURT:  You may be seated, Mr. Warren.

12          I'll summarize several matters on the docket — and

13   I'm familiar with all the matters in the docket.  These

14   proceedings began in October of 2013 with the presentment of a

15   sealed indictment that was unsealed in November of 2013.  There

16   were initial proceedings held before United States Magistrate

17   Judge Maureen P. Kelly at Count 1 of the indictment.

18   Mr. Warren's charged with violating Title 18 of the

19   United States Code, Section 922(g)(1), possession of a firearm

20   by a convicted felon.  There was an order of temporary

21   detention ordered and entered by Judge Maureen Kelly.

22          The Federal Public Defender was originally appointed

23   as counsel in this case.  Subsequently Mr. Schomaker was

24   appointed counsel.

25          There has also been a waiver of a detention hearing.

1:10:37PM 1          What brings us here today is at ECF No. 50 in this

2    case I placed upon the docket a letter dated August 29, 2014,

3    addressed to the Honorable Judge Mark R. Hornak, and it appears

4    to be signed by Mr. Warren.  It came to the Court in an

5    envelope bearing a return address of the Allegheny County Jail,

6    and it appears to have been postmarked on September 2nd,

7    2014.

8          I will not at this point read the entire letter into

9    the record.  The relevant part was at the beginning.  It reads:

10    My name is Atiba Warren, Criminal Case No. 13-270.  I am

11    writing to Your Honor in regards to my present counsel,

12    Mr. Richard C. Schomaker.  I respectfully ask the Court for new

13    counsel, citing ineffective counsel and misrepresentation.  It

14    goes on, and it concludes with:  I also know Your Honor is very

15    busy and I'm sorry to bother you with this issue, but I saw no

16    other way and I felt I was being cheated out of a proper legal

17    defense.  Sincerely, Atiba Warren.

18          The Court had previously received a letter directly

19    from Mr. Warren earlier this year dated April 22nd, 2014,

20    enclosing certain materials from the Circuit Court of Baltimore

21    City, Maryland, and bringing matters to the Court's attention.

22          At that time I requested if counsel had anything they

23    wanted to say regarding that letter.  But at that point

24    Mr. Warren was represented by counsel, so the Court in the

25    ordinary course consistent with the decisions of our Court of

1:12:31PM 1    Appeals is obligated to consider the matters brought to its

2    attention by counsel for each of the parties and I scheduled

3    today's hearing in response to Mr. Warren's letter filed at ECF

4    Document 50 dated August 29th, 2014.

5         Mr. Schomaker, in accordance with the decisions of

6    the United States Court of Appeals for the Third Circuit, in

7    particular the United States of America versus Welty decided in

8    1982, do you have any objections if I interrogate the Defendant

9    personally regarding the matters raised in his letter and his

10    request for the appointment of new counsel?

11         MR. SCHOMAKER:  No, Your Honor.

12         THE COURT:  Miss King, do you have any objections to

13    the Court doing that?

14         MS. KING:  No, Your Honor.

15         THE COURT:  Okay.

16         Mr. Warren, I'd like to ask you a few questions.  I'd

17    remind you that you are under oath and I'm asking the questions

18    because of the matters you've raised in the letter that you

19    sent to the Court which I've placed on the docket requesting a

20    new lawyer.

21         Mr. Warren, can you please explain to the Court why

22    you believe the Court should appoint a different lawyer for you

23    other than Mr. Schomaker.

24         DEFENDANT WARREN:  I believe that he's not focused on

25    my case as he should.  I pointed out several things to him

1:13:47PM 1  about the case that the indictment is based on and asked him to

2  contact my lawyer in Baltimore, Maryland.  He leaves things

3  left on me to do myself and that's not proper representation.

4  And he also leaves things to my family members, like primarily

5  my grandmother to take pictures; she's not a photographer.  He

6  asked me to draw a diagram using graph paper.  I'm locked up in

7  the Allegheny County Jail, you know.

8            THE COURT:  Okay.  And why are you dissatisfied with

9  Mr. Schomaker's service as your lawyer, Mr. Warren?

10            DEFENDANT WARREN:  Because I feel like I'm fighting a

11  very serious charge and I feel like I need a lawyer that's

12  going to get in there and fight for me as I feel he should.

13  And I have a motions hearing coming up in front of Your Honor

14  on the 23rd, and I talked to him for three-and-a-half hours

15  approximately on August the 29th, and I didn't leave that

16  meeting reassured that he was going to get in there and fight

17  for me as I needed him to.

18            THE COURT:  Mr. Warren, I don't want you to disclose

19  the contents of anything you told Mr. Schomaker about your

20  legal issues or your case or anything that Mr. Schomaker told

21  you.  So, because I don't want to go into matters that might be

22  covered by the attorney/client privilege, but why is it that

23  you left that meeting and, if it's true, to this day you don't

24  believe Mr. Schomaker will fight for you in court?

25            DEFENDANT WARREN:  Um, just the overall content of

1:15:27PM 1    the — the overall content of the whole entire meeting.  And I

2    made it very clear that I don't want to plead.  I'm not taking

3    a plea and I'm innocent.  And he seems to think that the case

4    is overwhelming and that this is the best thing I should do.

5    And he doesn't know how it's going to go, and I'm not asking

6    him to predict the future, I'm just asking him to get in there

7    and fight.  And I didn't feel like that.

8              I thought about it and I prayed about it.  I talked

9    to my family about it.  I came to this conclusion and wrote

10   Your Honor.  Therefore, it wouldn't become a matter on the

11   appeal.

12             THE COURT:  I didn't understand the last part, sir.

13             DEFENDANT WARREN:  I said I consulted my family

14   members, prayed about it, and I came to the conclusion so it

15   wouldn't be a matter on appeal to seek new counsel on it,

16   Your Honor.

17             THE COURT:  Let me ask you this, Mr. Warren.  You

18   understand that a lawyer, while they may be required to take

19   into account and give serious consideration to positions that

20   you might ask them to take, they are also required to use their

21   professional judgment in representing someone that's charged

22   with a crime in federal court.  And that may mean they don't

23   always do each and every thing that someone that is charged

24   with a crime wants them to do because of their professional

25   judgment.  Do you understand that, sir?

1:17:04PM 1        DEFENDANT WARREN:  Yes, sir, Your Honor.

2        THE COURT:  Given that that's true and that you know

3  all about that, why is it sitting here today that you believe

4  going forward Mr. Schomaker would not be in a position to

5  effectively represent your interests in this case?

6        DEFENDANT WARREN:  Um, I believe as I said before

7  that I — I looked in every area.  Um, I even did a lot of work

8  on my own that I shouldn't have to do and — in regards to my

9  case, my family has pitched in taking pictures.  The pictures

10  weren't good enough.  I suggested that he send somebody out

11  there.  It was just as much complaining on his part.  I don't

12  know the pay scale or the pay arrangement, but I feel as though

13  he feels that he's not getting enough money for this kind of

14  case, and that's just my personal opinion.

15        And he also encouraged me to withdraw the rights,

16  Your Honor, that was on his behalf, August the 29th, if I

17  felt that he wasn't going to get in there and fight for me.  So

18  I took into consideration what he's said.  I wrote the letter

19  to Your Honor, I wrote one to him, and here we are today,

20  Your Honor.

21        THE COURT:  Mr. Schomaker, you were not original

22  counsel on this case.  Briefly back in February Mr. Adepoju of

23  the Federal Public Defender's office was on this case.  Do you

24  know what transpired to have Mr. Adepoju come off the case and

25  you come on the case?

1:18:39PM 1     MR. SCHOMAKER:  Basically I do know.

2     THE COURT:  Are you at liberty —

3     MR. SCHOMAKER:  I would feel uncomfortable revealing

4 that.

5     THE COURT:  Okay.  Would it be a fair — would I be

6 fairly understanding or would I be correct in understanding

7 that there were one or more reasons under the Rules of

8 Professional Conduct that governed the practice of law that

9 would have required Mr. Adepoju to come off the case, have new

10 counsel appointed?

11     MR. SCHOMAKER:  Yes.

12     THE COURT:  Okay.

13     And, Miss King, at the time that happened did the

14 United States in any way oppose Mr. Adepoju coming off the case

15 and Mr. Schomaker coming on?

16     MS. KING:  No, Your Honor.

17     THE COURT:  Okay.

18     Mr. Schomaker, in a moment I'm going to ask you a few

19 questions.

20     Miss King, so I can get sort of the broader lay of

21 the land, if the Court treats Mr. Warren's motion as a — what

22 in essence would be a first motion to authorize the appointment

23 of new counsel, new CJA counsel other than Mr. Schomaker, what

24 will be the Government's position on that?

25     MS. KING:  We don't take a position, Your Honor.

1:19:47PM 1   That's not up to the Government.

2          THE COURT:  Okay.  If I were to grant that motion, is

3   there any particular prejudice to the disposition of the case

4   or the Government's position in presenting its case if the

5   Court were to grant the motion that I ought to give some

6   additional or special consideration to because of unique facts

7   or other matters in those regards?

8          MS. KING:  Your Honor, we would work with whatever

9   counsel is on the case in whatever way we had to.

10          THE COURT:  Understood.  If as a consequence of

11   granting that motion there were an additional period of time in

12   essence added to the pretrial period in this case to allow such

13   counsel to come up to speed, is there to your knowledge

14   anything particular about the underlying facts of the case that

15   would have that additional period of time become prejudicial?

16   Disposition of evidence, loss of witnesses, something that is

17   out of the ordinary that is case specific that might prejudice

18   the position of the United States?

19          MS. KING:  No, Your Honor.

20          THE COURT:  Okay.

21          Mr. Schomaker, you had an opportunity to read the

22   letter that Mr. Warren sent to the Court?

23          MR. SCHOMAKER:  Yes.

24          THE COURT:  Okay.  And you've had an opportunity to

25   consider the matters that are raised in that letter?

1:21:05PM 1     MR. SCHOMAKER:  Yes.

2     THE COURT:  Okay.  Does anything that Mr. Warren said

3 in court today in response to the Court's questions come as a

4 surprise to you in terms of the position he's taking?

5     MR. SCHOMAKER:  Yes.

6     THE COURT:  Okay.  Are you at liberty to tell the

7 Court what that is?

8     MR. SCHOMAKER:  Well, he stated that I didn't contact

9 the lawyers in Baltimore.  I did contact and they were very

10 helpful.

11     As far as the pictures are concerned, I proposed to

12 Mr. Warren when we met not so much such his grandmother, but

13 his cousin, could the cousin to scale somewhat make a drawing,

14 make a drawing on graph paper with feet and inches.  At any

15 rate, I know that he could not do it and it was never

16 contemplated that he would.  It was contemplated that his

17 cousin would.

18     I did receive pictures from the grandmother.  I won't

19 comment any more on that.

20     THE COURT:  Understood.

21     MR. SCHOMAKER:  I never placed any pressure on the

22 Defendant to plead guilty.  I deny that.  All I did,

23 Your Honor, is raise certain problems with the case.  I think

24 the essence of his letter, if I can go to the letter, dated

25 August 29 of '14 — this is when we met.  It states in part

1:23:05PM 1   he — meaning Schomaker — doesn't listen to my opinion or take

2   my views and apply them to my case.  I disagree with that.  I

3   did listen to his opinions and views very carefully.  However,

4   I cannot be a yes man to all of his ideas.  And of course there

5   should be some testing of those ideas and I naturally posed

6   questions to him.

7            If I were just a yes man, I wouldn't be a very good

8   lawyer.  And at any rate I submit to the Court that I never

9   complained to him.  I never encouraged him to withdraw.  That

10   was discussed; he brought up my withdrawal in this case

11   initially, I did not.

12            I submit to the Court that I have represented

13   Mr. Warren zealously.  As I say, I can't be an enthusiastic yes

14   man on all of his ideas.  I can't really apologize for that.

15   All of that said, I think what has developed here is a

16   situation where there is a lack of communication.  It is so

17   hampered, it is very difficult at this point to represent the

18   Defendant.  I think it's self-induced, but I don't think I can

19   do my job with him.

20            THE COURT:  And when you use the phrase self-induced,

21   Mr. Schomaker, what do you mean by that phrase?

22            MR. SCHOMAKER:  Well, I think that Mr. Warren has

23   taken offense unnecessarily, quite frankly.  And it's something

24   I cannot overcome.

25            THE COURT:  Mr. Schomaker, could you — just so that

1:25:35PM 1   we do have it on the record, how long have you been engaged in

2   the practice of law, sir?

3            MR. SCHOMAKER:  About 43 years.

4            THE COURT:  Okay.  How long have you engaged — has

5   part of that practice included the representation of men and

6   women charged with felony offenses in the federal courts?

7            MR. SCHOMAKER:  Of course, yes.

8            THE COURT:  For all 43 years, sir?

9            MR. SCHOMAKER:  I would say 34 years.

10           THE COURT:  Okay.  Those would be the most recent

11   years.

12           MR. SCHOMAKER:  Oh, yes.

13           THE COURT:  Okay.

14           MR. SCHOMAKER:  Yes.

15           THE COURT:  And, Mr. Schomaker, as best you can

16   estimate — and I realize this is just an estimate — in that

17   time approximately how many Defendants have you represented in

18   various federal courts in criminal court proceedings?

19           MR. SCHOMAKER:  I would say close to a hundred.

20           THE COURT:  Okay.  And calling upon that experience,

21   do you believe that going forward, based on the matters that

22   you've heard Mr. Warren advise the Court of today including the

23   matters in his letter which is the subject of the hearing, do

24   you believe there are any steps that could be taken by you that

25   would facilitate there being the necessarily — necessarily

1:26:52PM 1    effective level of communications to represent Mr. Warren's

2    interests in court?  Is there anything that can be done to

3    repair the situation described?

4              MR. SCHOMAKER:  I tried to do that at the tail end of

5    the meeting and I thought it was handled, but I —— at this

6    point I don't think so.

7              And I forgot to mention about the misrepresentation.

8    Maybe that was just a word choice, but I never misrepresented

9    anything to Mr. Warren either.

10             But in answer to your question, I don't think —— I

11   feel like I could do it, I could, but I don't think Mr. Warren

12   will.

13             THE COURT:  Mr. Warren, based on what you've heard in

14   court today and the other matters you've raised with the Court,

15   do you believe that there's anything that could be done to

16   repair the level of communications between you and

17   Mr. Schomaker?

18             DEFENDANT WARREN:  I do not.

19             THE COURT:  Why do you think that, Mr. Warren?

20             DEFENDANT WARREN:  Um, I know you heard my side of

21   that and his side.  It's two sides to every story.  I wouldn't

22   wish it at this time.  I've bothered you ——

23             THE COURT:  This is what I do for a living,

24   Mr. Warren.  It's not a waste of my time at all, sir.

25             DEFENDANT WARREN:  Okay.  I just don't feel

1:28:18PM 1   confident.  I'm losing sleep over worrying about are my issues

2   going to be addressed properly.  I don't practice law.  I don't

3   have a law degree.  I didn't pass the bar.  I'm going to ask

4   you — and I'm bringing up other points.  I need you to expound

5   on these points and do the research that I can't do.  I'm only

6   limited to a computer with old cases that are not updated on a

7   regular basis, and they don't let you get cases sent in from

8   home unless it comes from an attorney.  It has to come — I've

9   tried every avenue in my home.

10          I worked very hard on my own case by myself, just

11   being around other inmates that have similar cases to mine.

12   And I got a lot of useful information which I in turn passed on

13   to Mr. Schomaker, asked him to amend this motion, do this, do

14   that.  And to my avail he said he didn't want to make a fool of

15   himself.  He don't feel like he should amend this motion.  He

16   don't feel like he should do this.  And I don't feel like he

17   should be my lawyer.

18          THE COURT:  Mr. Warren, are you aware recently I

19   entered an order that authorized Mr. Schomaker to file

20   additional pretrial motions on your behalf even though he had

21   filed some and the deadline for filing additional motions had

22   passed?  I entered an order that gave Mr. Schomaker an

23   additional period of time to file additional motions, and I

24   moved the hearing on those motions from the end of August to

25   the end of October.  I moved things out by sixty days so that

1:29:58PM 1   he could consider matters that had come to his attention,

2   whether through you or otherwise, and file additional motions.

3   And I granted an additional period of time before there would

4   be a hearing on that.  Are you aware of that, sir?

5            DEFENDANT WARREN:  No, I was not.

6            THE COURT:  Okay.  Does knowing that change your

7   position on Mr. Schomaker remaining as your lawyer?

8            DEFENDANT WARREN:  It does not.

9            THE COURT:  And why is that, Mr. Warren?

10            DEFENDANT WARREN:  Um, it wasn't so much the

11   additional time.  I don't have a problem with having it

12   postponed or -- I just don't feel like his professionalism and

13   his work ethic go hand in hand with a federal lawyer, when

14   we're dealing with the United States versus myself.  I don't

15   feel comfortable with his services, being practice of law for

16   43 years, I don't feel comfortable that he's capable of

17   bringing a positive outcome if one is meant to be.

18            THE COURT:  Mr. Warren, let me ask you this, sir:  Do

19   you understand that if the Court would grant your request and

20   direct the appointment of new counsel to represent you, that

21   it's entirely possible that that new lawyer would listen to

22   what you told her or him, consider it carefully, and make

23   exactly the same legal judgments that Mr. Schomaker has made so

24   far?  That it's entirely possible that a new lawyer would take

25   it all in, think about it, consider it in light of their

1:31:37PM 1  experience and training as a lawyer, and give you exactly the

2  same advice, whatever it is, that Mr. Schomaker has already

3  given you?  You know that's possible?

4           DEFENDANT WARREN:  Yes, Your Honor.

5           THE COURT:  And does that —— knowing that to be the

6  truth, does that affect your position regarding Mr. Schomaker

7  continuing as your lawyer?

8           DEFENDANT WARREN:  No, it doesn't, Your Honor.

9           THE COURT:  Mr. Schomaker, based on what you've

10  placed on the record regarding your assessment of the situation

11  and considering what Mr. Warren has stated to the Court on the

12  record regarding his assessment of the situation, do you

13  believe that you can communicate with Mr. Warren regarding the

14  nature of his defense and the conduct of his defense in this

15  case in a way that will allow you to effectively continue to

16  serve as his lawyer?

17           MR. SCHOMAKER:  I would have to say no, Your Honor.

18  I don't think that that kind of communication can exist, and

19  I'm getting to the point where here he's testifying that I

20  complained about how little money I'm making or what my hourly

21  rate might be or that I would be making a fool of myself

22  presenting a particular motion.  I feel the lack of confidence

23  in whatever I say to him might later somehow be misconstrued.

24  I never commented about money, I never commented about making a

25  fool of myself.  That's part of my job, to sometimes try and

1:33:38PM 1    fail.

2              One other thing was he mentioned about these cases,

3    that he doesn't have access to these cases.  Your Honor, I

4    photocopied all relevant cases on the issue involved and I

5    presented them to Mr. Warren.  And I don't know why he raised

6    that because -- the fact that he didn't have these cases in

7    jail doesn't really -- it shouldn't hamper our relationship.  I

8    gave these cases to him.  I walked him through them.

9              So, again, we just disagree and I don't think I can

10   represent him effectively at this point.

11             THE COURT:  Okay.

12             Miss King, I note that on the docket of the court

13   back on November 5th, 2013, Judge Kelly entered an order

14   granting the motion to unseal the indictment and the arrest

15   warrants in this case.  Based on your experience, do you know

16   if one of the consequences of that order was unsealing of the

17   indictment memorandum also or is that --

18             MS. KING:  It should have been, Your Honor.

19             THE COURT:  So that would no longer be considered a

20   sealed document.

21             MS. KING:  That's correct.

22             THE COURT:  In looking at the indictment memorandum

23   which is at ECF Document No. 2, I note that in the indictment

24   memorandum it states that conviction of the offense charged

25   could result in a term of imprisonment of not more than ten

1:35:12PM 1    years.  However, if there are the necessary predicate prior

2    convictions, it could result in a term of imprisonment of not

3    less than fifteen years to a maximum of life imprisonment.

4            Miss King, based on the information available to you,

5    is it possible that the enhancement with the predicate

6    convictions could apply in this case?

7            MS. KING:  It is possible.

8            THE COURT:  Okay.

9            Do you concur, Mr. Schomaker?

10            MR. SCHOMAKER:  I do.

11            THE COURT:  Okay.  Based on -- Mr. Schomaker, is

12    there anything else you would like to tell the Court?

13            MR. SCHOMAKER:  No, Your Honor.

14            THE COURT:  Mr. Warren, is there anything else you

15    would like to tell the Court?

16            DEFENDANT WARREN:  Um, that that was the -- the

17    actual charge on the indictment was the reason why I asked him

18    to get with the lawyer and get familiar with Maryland law

19    because the actual charge that him -- Mr. Schomaker and

20    Miss King are talking about as far as the career criminal,

21    ACCA, I don't qualify for.  And if you note, the records that I

22    gave Mr. Schomaker, the counsel before that already did a

23    search.

24            They tried to do something illegal by the

25    United States of America, so I'm confident that that won't

1:36:31PM 1    happen.  And if it does by some chance come across, I will get

2    it back on appeal definitely.  But that's all I have to add,

3    Your Honor.

4              THE COURT:  Okay.  Thank you, Mr. Warren.

5              Miss King, is there anything you as counsel would

6    like to place additionally on the record?

7              MS. KING:  No, Your Honor.

8              MR. SCHOMAKER:  Your Honor, there is one other thing.

9              THE COURT:  Yes, sir, Mr. Schomaker.

10             MR. SCHOMAKER:  I should have mentioned this.  I will

11   be happy to cooperate with new counsel and transition the file

12   to that person.

13             THE COURT:  And the Court has no doubt that you would

14   fulfill your professional obligations in that regard,

15   Mr. Schomaker.

16             MR. SCHOMAKER:  I assure you I will do that.

17             THE COURT:  Okay.

18             Well, the decision by the United States Court of

19   Appeals in the Welty case that I referenced earlier speaks

20   about dealing with a Defendant's request for the substitution

21   of counsel.  That case specifically dealt with substitution of

22   counsel on the eve of trial, but the general principles apply.

23             Based on all of the information available to the

24   Court, the matters contained in Mr. Warren's letter dated

25   August 29th, 2014, the matters Mr. Warren has placed on the

1:37:44PM 1  record in open court, particularly stated in contrast to the

2  information Mr. Schomaker placed on the record in open court,

3  the Court gives weight to Mr. Schomaker's assessment based on

4  an extensive and extended legal career including representation

5  of a number of men and women charged with felony offenses in

6  federal court.

7       Based on the Court's own observations and in essence

8  the dichotomy between Mr. Warren's view of and Mr. Schomaker's

9  view of the same issues, the same events, the same

10  communications, the same discussions, based on Mr. Schomaker's

11  representations to the Court that efforts have been made by him

12  professionally to maintain and restore, if you will, the lines

13  of effective communication with Mr. Warren and his lack of

14  success in doing that, taking into consideration the

15  seriousness of the charges of —- alleged against Mr. Warren in

16  the indictment, the possible penalties that would be resulting

17  should there be a conviction of guilt, whether it's by plea or

18  by verdict of a conviction on these charges, and where the case

19  stands procedurally on the docket, we are not at the eve of

20  trial when there are countervailing interests that may be

21  involved, based on the Court's review of the record and

22  crediting Miss King's candid observations to the Court that

23  there would be no particular or unusual or extenuating material

24  prejudice to the prosecution of the case were substitute

25  counsel permitted, I will enter an order directing that

1:39:34PM 1   substitute and new counsel be appointed for Mr. Warren.

2          Upon the appointment and entry of appearance of such

3   counsel, at that time, Mr. Schomaker, you may file a motion to

4   withdraw as counsel and the Court will grant that and relieve

5   you from further obligations in the case.  I will keep you on

6   the docket as Mr. Warren's counsel until that has occurred so

7   in the event there is something of urgency or exigency that

8   comes up, Mr. Warren is not in any period of time where he is

9   not represented by counsel.

10         I do not make a finding that Mr. Schomaker's

11   representation has been in any way ineffective or falling below

12   any professional standards.  The Court's findings and

13   conclusions in this regard were based solely on its assessment

14   from all of the information available to the Court including

15   the matters stated in open court that the effectiveness of

16   communications that will be necessary for effective

17   representation of Mr. Warren's interests going forward do not

18   now exist between Mr. Warren and Mr. Schomaker.  They do not

19   appear to the Court to be reparable in any short or moderate

20   period of time, if ever, and that the interests of justice are

21   best served by appointing substitute and new counsel for

22   Mr. Warren in this case.

23         Mr. Warren, I am not for the time being — because I

24   anticipate that this process will move very quickly, I am not

25   altering any of the dates in this case.  Currently pretrial

1:41:11PM   1   motions are due sometime in October with the hearing set for

2   October 23rd.  The Court will of course take up promptly any

3   motion that would come from new counsel in those regards, but I

4   believe it would be both premature and improvident to the

5   representation by new counsel to peremptorily alter any of

6   those deadlines or to change them without new counsel having

7   the opportunity to consider the docket, the record, to meet

8   with you and to talk with you.  And I will take any motion that

9   she or he might make in those regards under prompt advisement

10   to make sure the interests of you and the interests of the

11   people of the United States are appropriately protected in

12   those regards.

13       Mr. Babik, this is something we'll take up

14   immediately after the hearing.

15       Mr. Warren, I would also advise you I don't know who

16   that new lawyer will be.  I do not know whether she or he will

17   take a position on the advice —— the legal advice they give you

18   regarding the defense of your case that is or is not any

19   different in any way from the advice and counsel that

20   Mr. Schomaker has given you.

21       I hope, but I'll advise you just to remind you it

22   does not work that way.  And I'm not saying this is your

23   intention, but so that there can be no misunderstanding going

24   forward, we don't keep appointing new lawyers until someone

25   comes up that agrees with you on every point or every matter.

1:42:52PM 1    A lawyer's professional responsibility is to effectively and

2    zealously represent your interest within the facts and the law.

3    The law is what it is and the facts are what they are, and it

4    is the lawyer's responsibility to do the best job they can with

5    the law and the facts that are present.  And that's Miss King's

6    responsibility on behalf of the people of the United States.

7         I am hopeful that the lawyer that is appointed to

8    represent your interests will not find themselves in a

9    situation and you won't find yourself in a situation where

10   there is difficulty in effectively communicating with one

11   another regarding your defense; but the case law from our

12   appeals courts are pretty clear that as substitute lawyers are

13   appointed, the job that I have to carefully and even more

14   carefully consider and scrutinize any requests for counsel gets

15   to be a much tighter microscope.  And the bar for the

16   appointment of counsel continues to be a relatively high one in

17   those regards.

18        But given the — where we are in the case, the nature

19   of the charges, the potential possible penalties, your

20   statements to the Court, your letters to the Court,

21   Mr. Schomaker's reports to the Court, his professional judgment

22   based on more than 30 years of practice in this area of the

23   law, what he reports are his efforts to repair the

24   communication between you, what you advise the Court those

25   efforts have been and the ineffectiveness of them, I find and

1:44:29PM 1   conclude based on all the information available to the Court

2   that the interests of justice require that, upon the

3   appointment of new counsel, that Mr. Schomaker be permitted to

4   withdraw as your counsel.

5           The Court will begin the process immediately after

6   the hearing today to cause the appointment of new counsel on

7   your behalf.  Mr. Schomaker will remain on the docket and on

8   the record as your lawyer until that new lawyer enters her or

9   his appearance on the docket of the court, and then

10  Mr. Schomaker would move to withdraw.

11          Mr. Schomaker, are there any other matters that you

12  believe we ought to take up or place on the record while we're

13  in court today?

14          MR. SCHOMAKER:  No, Your Honor.

15          THE COURT:  Mr. Warren, is there anything else you

16  would like to tell the Court, refer to the Court's attention

17  while we're here in court today?

18          DEFENDANT WARREN:  Yes, Your Honor.  Um, there's one

19  pertinent piece of information that was sent to Mr. Schomaker

20  in regards to my upcoming suppression hearing.  I want to know

21  that he received that mail and can he pass it on to the next

22  attorney.

23          THE COURT:  Mr. Schomaker has committed in open

24  court, Mr. Warren, consistent with his obligations as a lawyer,

25  when new counsel is appointed, he will confer with that lawyer

1:45:47PM 1   promptly to bring him up to speed and to transmit to that new

2   lawyer all of the material that he's gathered from whatever

3   source in furtherance of your defense of the case.  If you have

4   a question about whether he did or did not receive a particular

5   document, before the marshals assist you, you can ask him ——

6   and we'll put the fuzz on so no one else can hear your

7   conversation, exactly what that is —— Mr. Babik, will you place

8   the fuzz on for a moment?

9        (Off the record discussion.)

10        THE COURT:  Mr. Warren, have you had the opportunity

11   to speak with Mr. Schomaker about that matter?

12        DEFENDANT WARREN:  I have.

13        THE COURT:  Okay.

14        And, Mr. Schomaker, have you received whatever

15   information Mr. Warren wanted to share with you in that regard?

16        MR. SCHOMAKER:  No, I did not.

17        THE COURT:  You know what he's talking about, though,

18   based on what he just told you?

19        MR. SCHOMAKER:  Basically.  I understand what he's

20   asking for, yes.

21        THE COURT:  Anything else, Mr. Warren, that you'd

22   like to bring to the Court's attention sir?

23        DEFENDANT WARREN:  Um, I want —— while we have ——

24   excuse me.  I wanted to know what is the criteria as far as the

25   ACCA.

1:47:51PM 1         THE COURT:  Mr. Warren, that would be something that

2    you should discuss with your new lawyer.  That would be --

3    involve the Court giving you legal advice or legal

4    interpretation, and I don't do that for the folks setting at

5    the defense table or at the Government's table.

6         DEFENDANT WARREN:  Okay.  Thank you, Your Honor.

7         THE COURT:  That would be a matter that you can take

8    up with you new lawyer.

9         Anything else you would like to bring to the Court's

10    attention, Mr. Warren?

11         DEFENDANT WARREN:  No.  No, thank you, Your Honor.

12         THE COURT:  Miss King, is there any matters that the

13    United States would like to bring to the Court's attention or

14    you believe we should take up?

15         MS. KING:  No, Your Honor.

16         THE COURT:  In a moment we will adjourn.  I would ask

17    everybody to remain seated and be at ease while the

18    United States marshals assist Mr. Warren.

19       (Defendant exits courtroom.)

20         THE COURT:  Mr. Babik, you may adjourn the court,

21    sir.

22         MR. BABICK, DEPUTY CLERK:  All rise.  This honorable

23    court is adjourned.

24       (Whereupon, at 2:45 court was adjourned.)

25

1:49:00PM 1

2                        C E R T I F I C A T E

3    I, Shirley Ann Hall, certify that the foregoing is a correct

4    transcript for the record of proceedings in the above-titled

5    matter.

6

7

8                              s/Shirley Ann Hall
                               Shirley Ann Hall, RDR, CRR
9                              Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25