1                     IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2

3      UNITED STATES OF AMERICA,

4         vs.
                                         Criminal No. 13-270
5      ATIBA WARREN,
                    Defendant.
6

7

          Transcript of Motion Proceedings on Tuesday, March 1,
8   2016, United States District Court, Pittsburgh, Pennsylvania,
    before Mark R. Hornak, District Judge.
9


10
    APPEARANCES:
11
       For the Government:           Katherine A. King, Esq.
12                                   Jonathan B. Ortiz, Esq.
                                     Assistant U.S. Attorney
13                                   400 US Courthouse
                                     700 Grant Street
14                                   Pittsburgh, PA 15219

15
       For the Defendant:           Mark A. Sindler, Esq.
16                                   310 Grant Street
                                     Suite 2330 Grant Building
17                                   Pittsburgh, PA  15219

18

19

20
    Court Reporter:                 Juliann A. Kienzle, RMR, CRR
21                                   5300 U.S. Courthouse
                                     700 Grant Street
22                                   Pittsburgh, PA 15219
                                     (412) 261-6122
23

24
          Proceedings recorded by mechanical stenography; transcript
25  produced by computer-aided transcription.

1  (Proceedings held in open court; Tuesday, March 1, 2016.)

2            THE COURT:  We're here today in the case of the

3  United States of America versus Mr. Atiba Warren.

4            Will counsel for the United States please enter

5  there appearance.

6            MS. KING:  Good morning, Your Honor.  Katherine King

7  for the United States.

8            THE COURT:  Good morning, Ms. King.  Good to see

9  you.

10            MR. ORTIZ:  Jonathan Ortiz.

11            THE COURT:  Good morning, Mr. Ortiz.  Good to see

12  you.

13            Will counsel for Mr. Warren please enter his

14  appearance.

15            MR. SINDLER:  Mark Sindler.

16            THE COURT:  Good morning, Mr. Sindler.  Good to see

17  you.

18            Mr. Warren is seated next to you at counsel table;

19  is that correct?

20            MR. SINDLER:  Yes.

21            THE COURT:  This is a matter that previously had

22  come to the Court for a trial by jury that resulted in a

23  convict of Mr. Warren.  The matter was otherwise set for

24  sentencing to occur this Friday morning on February 23rd at ECF

25  No. 155.

1            Mr. Sindler, you filed a motion entitled Motion For

2  Leave of Court to Withdraw As Counsel.

3            You reflected, among other things, in that motion

4  that at Paragraph 10, that you had provided Mr. Warren with a

5  copy of the pleading under separate cover sent to him by United

6  States mail on the date on which it was filed of record.

7            Mr. Warren, did you receive a copy of Mr. Sindler's

8  motion to withdraw, sir?

9            THE DEFENDANT:  I did.

10            THE COURT:  Mr. Warren, I would also note that at

11  ECF No. 153, I did receive from you a letter dated February 8,

12  2016.  I did read that letter.  I wanted you to know that.  I

13  made it available to Counsel Only on the docket of the Court,

14  not as a publicly filed document.

15            THE DEFENDANT:  Thank you, Your Honor.

16            THE COURT:  Mr. Sindler, in your motion at Paragraph

17  9, you specifically requested a hearing on the merits of the

18  motion and a request and that Mr. Warren be present.

19            Mr. Warren, is, of course, present today.

20            I'm happy to hear from you further, Mr. Sindler.

21            MR. SINDLER:  We have reached a point, my client and

22  I, I would just be repeating what I stated in a couple of the

23  paragraphs that is a public record where he not only questions

24  my loyalty to him, which is supposed to be and should be

25  without any reservation between an attorney and his client.

1             And then separately, I believe, and perhaps a cause

2    of No. 1, is a second problem with respect to irreconcilable

3    differences.  The best that I can say, at least in the presence

4    of the government right now, and if we went further, even if it

5    was ex parte, I would need Mr. Warren's approval or

6    authorization to speak to specifically why I believe we have

7    reached a point of irreconcilable differences.  It speaks

8    specifically to where were headed next.  It was supposed to be

9    this Friday, which is the sentencing hearing with respect to

10   the jury's verdict in this case.  That's been put off, as I

11   understand it.  It will be rescheduled, I know that, but I'm

12   not at liberty right now, and I'm not going to do it in front

13   of Ms. King or Mr. Ortiz to speak to those differences.  I

14   think it's best left to an ex parte proceeding before you and

15   we would speak about just that.

16             THE COURT:  Thank you, Mr. Sindler.

17             Mr. Sindler, you're certainly welcome to address the

18   Court either standing or seated.

19             Ms. King and Mr. Ortiz, likewise for you.

20             Same for you, Mr. Warren.

21             Mr. Sindler, do you mind if I ask your client a few

22   questions and if at any where along the way you think my

23   question is inappropriate or that your client's answer should

24   be constrained, you're certainly free to step in.

25             But with those provisos, sir, do you have any

1  objection if I ask you client a few questions?

2       MR. SINDLER:  I don't.  He always has, as any client

3  would, the authority to waive his own -- the confidentiality

4  applies to attorney-client communications.  The only thing I

5  would ask and I'm sure Mr. Babik is going to do it, is that he

6  be placed under oath.

7       THE COURT:  We will do that, and I'll give him an

8  admonition regarding attorney-client privilege.

9       Mr. Babik, would you please administer an oath to

10  Mr. Warren.

11     (Administration of the oath.)

12       MR. BABIK:  State your name for the record.

13       THE DEFENDANT:  Atiba Warren.

14       THE COURT:  Mr. Warren, I would like to ask you a

15  few questions, sir.  Before I do that, I would like to advise

16  you, something that Mr. Sindler may well have already advised

17  you, in answering any of my questions, I'm not asking you to

18  disclose and you should not disclose without consultation with

19  your lawyer the contents of any communication, written, spoken

20  word, any other way that you've had communication with

21  Mr. Sindler about your case or anything having to do with

22  representation.  I'm not asking you to disclose anything you've

23  told Mr. Sindler, any investigators or colleagues he's had

24  working on your case.  I'm not asking you to disclose anything

25  any of them may have told you regarding your case.

1          Do you understand that, sir.

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Mr. Warren, the reason I'm giving you

4 that instruction is that those communications were

5 presumptively covered by something known as the attorney-client

6 privilege.  If you would disclose anything that you've told

7 Mr. Sindler or anybody working with him on the defense of your

8 case, or anything that they've told you, the United States,

9 within their rights, may well take the position that by doing

10 so, you've given up the attorney-client privilege either as to

11 those communications themselves or perhaps to all of the

12 communications along those lines.

13          Do you understand that, sir?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Mr. Sindler, just to confirm, within the

16 last 24 hours, sir, have you taken any prescribed or

17 non-prescribed medicine or drugs.

18          MR. SINDLER:  Mr. Warren?

19          THE COURT:  Mr. Warren, I'm sorry, in the last 24

20 hours, sir, have you taken any prescribed or non-prescribed

21 medicine or drugs.

22          THE DEFENDANT:  I take medicine.

23          THE COURT:  Prescribed for you by a doctor.

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Have you taken it exactly as it has been

1 prescribed for you by a doctor.

2          THE DEFENDANT:  Exactly to a tee.

3          THE COURT:  In your experience, sir, when you take

4 that medicine, does it get in the way of you understanding what

5 is going on around you?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  You understand what is happening here in

8 federal court today?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Mr. Warren, did you hear Mr. Sindler

11 tell the Court, just as he did in the papers that you said you

12 got a copy of, that in his professional assessment and

13 judgment, his representation of you cannot continue because

14 there are irreconcilable differences between him and you

15 regarding the conduct of your case.

16          THE DEFENDANT:  Yes, I did, Your Honor.

17          THE COURT:  Do you agree with Mr. Sindler's

18 assessment in those regards or do you disagree?

19          THE DEFENDANT:  100 percent.

20          THE COURT:  100 percent which way?

21          THE DEFENDANT:  I agree with him.

22          THE COURT:  Mr. Warren, you understand that the last

23 remaining matter to occur on your case in this court is for the

24 Court to hear from the lawyers, both Mr. Sindler, Ms. King and

25 Mr. Ortiz, and then at a hearing in your presence, after I hear

1  from you personally and directly to determine what the sentence

2  will be in your case.

3            You understand that's the last remaining thing in

4  your case?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Mr. Warren, do you believe that based on

7  your stated agreement with Mr. Sindler, that he can or cannot

8  represent you regarding your sentencing in this case?

9            THE DEFENDANT:  I believe he cannot properly

10 represent me.

11           THE COURT:  Okay.

12           Did you hear Mr. Sindler tell the Court that he

13 believes that you believe that you have some doubts as to his

14 loyalty to you and to the defense of your case?

15           THE DEFENDANT:  He would be totally correct.

16           THE COURT:  So you heard him say that and you agree

17 with his assessment of that situation.

18           THE DEFENDANT:  Yes, Your Honor?

19           THE COURT:  Let me ask you this, Mr. Warren.  If I

20 would grant Mr. Sindler's motion, what would happen next is the

21 Court would cause the appointment of a new lawyer for you

22 relative to your sentencing.

23           Do you understand that, sir?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Do you understand, sir, whoever that

1   lawyer is, they would not have had the benefit of working with

2   you and representing you during the pretrial and trial

3   proceedings in your case.

4              Do you understand that?

5              THE DEFENDANT:  Yes, I would, Your Honor.

6              THE COURT:  They would, therefore, have to become

7   familiar with those proceedings, but they would not be the same

8   as if they were a participant or eyewitness, if you will, to

9   having been at your trial.

10             Do you understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Do you understand, sir, that the lawyer

13  that would be appointed for you, while they would be competent

14  and qualified and experienced, it may turn out that you might

15  conclude that they're not as experienced in federal court

16  proceedings or in federal court sentencing matters as you would

17  believe Mr. Sindler is.

18             Do you understand that, sir?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Are you willing to live with that state

21  of affairs if I granted Mr. Sindler's motion to withdraw?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Do you understand that whoever that new

24  lawyer is, if I did appoint a new lawyer, would take some

25  reasonable period of time to get up to speed, if you will, on

1  your case, and the issues that are involved in sentencing and

2  it may, therefore, lead to a delay in your sentencing hearing,

3  beyond the date when it would be set if Mr. Sindler continued

4  as your lawyer?

5          THE DEFENDANT:  Yes, Your Honor.  I'm totally aware

6  of that.

7          THE COURT:  You'd be okay with that result?

8          THE DEFENDANT:  I would be okay as long as it

9  wouldn't go past a certain time period.

10          THE COURT:  Well, let me say this, Mr. Warren.

11          It would be my responsibility to make sure that any

12  new lawyer had a reasonable period of time to consult with you,

13  to advise you, to give you her or his best advice regarding

14  positions to be taken at sentencing, to become familiar with

15  the record, to file whatever she or he thought was appropriate

16  with the Court, and if they asked for that reasonable period of

17  time, I would be duty bound to provide it to them.

18          Do you understand that?

19          THE DEFENDANT:  Yes, I do, Your Honor.

20          THE COURT:  Do you understand, therefore,

21  Mr. Warren, it's a matter of certainty that if there is a new

22  lawyer appointed for you, your sentencing will occur at a date

23  later than it would have if Mr. Sindler had continued as your

24  lawyer?

25          THE DEFENDANT:  Yes, Your Honor.

1              THE COURT:  Ms. King and Mr. Ortiz, does the United

2   States have a position regarding the grant or nongrant of the

3   motion filed by Mr. Sindler?

4              MS. KING:  No, Your Honor.

5              THE COURT:  I didn't think so, but I wanted to make

6   sure.

7              Mr. Sindler, let me ask you this, sir.

8              Given the responses Mr. Warren has given to the

9   Court in response to the Court's question, do you believe that

10  it's necessary for the Court's rendering of a decision or for

11  any other reason appropriate to the situation we're in, for a

12  more expansive, underlying factual record to be made, given the

13  certainty, if you will, of Mr. Warren's responses to the

14  Court's questions?

15             MR. SINDLER:  I can't think of one, no.

16             THE COURT:  I didn't either but I wanted to check

17  with you, sir, because I thought there might be something I

18  might be missing.

19             Mr. Warren, so that you're familiar with the

20  process, Mr. Sindler was appointed to serve as your counsel as

21  what is known as a CJA lawyer, Criminal Justice Act panel

22  lawyer.

23             Do you understand that, sir?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  He was appointed to that position under

1  what is known as the CJA plan adopted by the judges of this

2  court.

3           If somebody who is a CJA-appointed lawyer is, for

4  good reason, relieved of further responsibility in your case,

5  then the Court in applying that plan would cause a new lawyer

6  to be appointed.

7           Do you understand that, sir?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  The way that works, under the plan, is

10 the Court notifies the Office of the Federal Public Defender

11 for our district and they would identify a lawyer to serve as

12 your next lawyer, if they're willing to undertake the

13 appointment.

14          Do you understand that, sir?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Do you have any problems with any of

17 that, sir?

18          THE DEFENDANT:  So, you're telling me I would get a

19 Federal Public Defender?

20          THE COURT:  Well, you could, if they believed that

21 they were qualified under the law to serve, or they would

22 identify a private practice lawyer, just as Mr. Sindler is, who

23 is on the Court's approved CJA panel and they would notify the

24 Court as to who that is.

25          Do you understand that, sir?

1            THE DEFENDANT:  Yes, I understand that.  It wouldn't

2  be anybody that I had a prior conflict with, would it?

3            THE COURT:  It would not be anybody that you have a

4  conflict of interest under the law with, no, they would have to

5  verify that that did not exist because otherwise, we would just

6  be starting over again.

7            THE DEFENDANT:  Okay.  Thank you.

8            THE COURT:  Is that helpful to you, sir?

9            THE DEFENDANT:  Yes, sir, Your Honor.

10            THE COURT:  I would note for the record that present

11  in the courtroom is the First Assistant Federal Public

12  Defender, Mr. Novara who I take it was otherwise in building

13  today?

14            MR. NOVARA:  That's correct, Your Honor.

15            THE COURT:  Thank you for stopping by, sir.

16            It's your office that handles the mechanics of the

17  CJA appointment process?

18            MR. NOVARA:  Administratively, yes, Your Honor.  If

19  new counsel is necessary, we will get a CJA private attorney

20  for Mr. Warren.

21            THE COURT:  Thank you, Mr. Novara, I appreciate it.

22            I also note present in the courtroom is one of your

23  colleagues Mr. Adepoju, who is an Assistant Federal Public

24  Defender.

25            Thank you for stopping by, Mr. Adepoju.

1          Mr. Sindler, I'm going to grant your motion.

2          I'm going to grant your motion on the following

3  grounds:  I know given the nature, scope and extent of your

4  experience as a lawyer who devotes their practice to the

5  representation of men and women who are charged with serious

6  criminal offenses, including felony offenses in this court,

7  that this is not the type of motion that is lightly made.  It

8  is made at a juncture in the case where I find and conclude it

9  would be made with requisite probity.

10          Mr. Warren has confirmed on the record under oath in

11 open court that he has seen and read the motion that you had

12 filed, that he had considered it, that he heard you reaffirm

13 and reinforce the matters set forth in your motion, that he

14 concurs with the conclusions you've reached in those regards.

15          Mr. Warren, just to confirm, did you discuss with

16 Mr. Sindler the motion he had filed and the basis for him

17 filing it in this court?

18          THE DEFENDANT:  Yes, I did, sir.

19          THE COURT:  He's explained to you why he believed it

20 was necessary for him to file it?

21          THE DEFENDANT:  We came to a mutual agreement.

22          THE COURT:  He explained to you his reasoning as to

23 why he thought it should be filed?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Is there anything about his reasoning or

1 basis that you disagreed with?

2            THE DEFENDANT:  No, I agree 100 percent, Your Honor.

3            THE COURT:  Based on Mr. Warren's affirmation on the

4 record that there has reached a point in the relationship, the

5 professional relationship between him, his client, and you,

6 Mr. Sindler as the lawyer, that he concurs with your assessment

7 that he believes that there is a question as to your undivided

8 loyalty to him.  And in that regard, I make no finding in that

9 regard.  I want the record to be clear.  I'm not making a

10 finding or conclusion that there was any diminution or

11 limitation on your loyalty as counsel to him.

12            I do find and conclude that he believes that.  He

13 subjectively believes that, and based on the Court's

14 observations here in open court, I find and conclude that he

15 appears to do that with what is, in his mind, a sound basis for

16 coming to that conclusion.

17            Mr. Warren, do you understand when we use the term

18 "irreconcilable differences," that means that the Court would

19 are to conclude that with further discussion, consultation,

20 one-on-one communication, whatever the differences are

21 regarding your case with Mr. Sindler cannot be solved.

22            Is that what you're telling me, sir?  If I asked you

23 and Mr. Sindler to talk about this in greater detail for a

24 greater length of time, you've come to the conclusion that the

25 differences are such that they can't be resolved?

1            THE DEFENDANT:  I do, Your Honor.

2            THE COURT:  Do you understand, Mr. Warren, that

3    whoever your lawyer is duty-bound to give you their best

4    judgment and their best advice, even if they believe or even if

5    they know that you will disagree with that, they are still

6    required, as your lawyer, to give you that judgment and advice.

7            Do you understand that, sir?

8            THE DEFENDANT:  Yes, I do, sir.

9            THE COURT:  Mr. Warren, sir, do you understand that

10   if I do appoint a new lawyer for you, that new lawyer will have

11   the very same professional obligation, which may include

12   telling you things that they believe or even know that you will

13   disagree with in terms of their judgment and their advice.

14           Do you understand that, sir?

15           THE DEFENDANT:  Yes, I do, Your Honor.

16           THE COURT:  Do you understand it's not a basis to

17   replace a lawyer, the fact that a client disagrees with the

18   advice or judgment of the lawyer as it is communicated to the

19   client.

20           Do you understand that, sir?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  I find and conclude that Mr. Warren is

23   competent, that he knows what he's doing and thinking about

24   these things.  The Court bases that on the Court's experience

25   of interacting with Mr. Warren during the course of pretrial

1  and trial proceedings in the case, the Court's personal
2  observations here in open court today, Mr. Warren's answers to
3  the Court's questions.  I find that Mr. Warren understands the
4  nature and role of a lawyer and the duties of a lawyer, of
5  candor and completeness in providing their best professional
6  judgment and advice to a client, whether they believe the
7  client will or will not agree with or accept that advice and
8  judgment.  I find Mr. Warren to be -- to have a facility in
9  understanding those matters and in communicating them to the
10  Court.  From that, the Court draws the conclusion that
11  Mr. Warren is able and effective in communicating those same
12  matters with counsel and, therefore, the Court credits both
13  Mr. Sindler's assessment of the nature of the current state of
14  the relationship he has as a lawyer with Mr. Warren, the
15  client, and the Court finds and credits Mr. Warren's assessment
16  of the state of affairs in terms of that relationship.  The
17  Court will, therefore, grant your notion, Mr. Sindler.
18              I will enter an order that you are relieved of your
19  duties at such time as a new lawyer enters their appearance so
20  that there is no gap in the period of time that Mr. Warren has
21  a lawyer in the event there are intervening events,
22  communications, filings on the court docket and those matters.
23  I will enter an order continuing generally, Mr. Warren, that
24  means without a specific new date, the date of sentencing in
25  your case.  I can tell you it will be set with reasonable

1 promptness after a new lawyer from the CJA panel is appointed

2 to represent you in this case, to give them an opportunity to

3 reasonably familiarize themselves with the docket.  The Court

4 notes from very complete and in the Court's estimation thorough

5 sentencing memoranda that were filed both by Ms. King on behalf

6 of the United States and Mr. Sindler regarding the calculation

7 of the advisory guideline range and the potential application

8 of certain statutory provisions relative to sentencing, that

9 there are not necessarily common sentencing issues that will

10 have to be resolved here and that the new counsel will have to

11 familiarize themselves with.

12          I'm confident that in appointing your new lawyer,

13 Mr. Warren, those matters because they're on the public docket

14 will be matters that are taken into account in causing an

15 appointment of counsel for you who has experience in addressing

16 and dealing with those sorts of matters.

17          So, Mr. Sindler, we will grant your motion.  We'll

18 enter an order today granting it but saying the effective date

19 of your withdraw will be the same day as the entry of an

20 appearance of new counsel for Mr. Warren.

21          We'll enter an order generally continuing the

22 sentencing.

23          Mr. Sindler, any other matters that you on your

24 professional judgment or on behalf of Mr. Warren believe the

25 Court should take up today or should address, sir?

1           MR. SINDLER:  I filed this reluctantly.  I've done
2  this only a couple times in my 21 years of doing this kind of
3  work.  But despite that and despite that it was in this case, I
4  will tell you and Mr. Warren can hear me say it, that I will be
5  as cooperative and forthright with whoever takes my place to
6  provide him or her with whatever documents or time on my part
7  to help that person along.
8           THE COURT:  Mr. Sindler, I will say on the record
9  that the Court had no doubt that you would do that anyway, but
10  I appreciate your confirmation of that on the record on behalf
11  of Mr. Warren's interests.
12           Ms. King or Mr. Ortiz, are there any matters that
13  the United States believes we should take up today or you'd
14  like the Court to address or you'd like to bring to the Court's
15  attention?
16           MS. KING:  No, Your Honor.  Thank you.
17           THE COURT:  We'll get that order entered today.
18  That will cause Mr. Babik to formally notify the person who
19  handles the administrative matters regarding appointment of the
20  CJA lawyer to represent Mr. Warren.
21           Mr. Sindler, any or matters that you or Mr. Warren
22  would like to bring to the Court's attention?
23           MR. SINDLER:  Mr. Warren just thought that he
24  misunderstood something.  You had mentioned a sentencing
25  memorandum, which on a technical level is a little different

1 than a position statement.

2          THE COURT:  It was a position statement.  You're

3 correct, Mr. Sindler, the documents that were filed were

4 position statements relative to sentencing factors.

5          The next item that would come in, which I held in

6 abeyance because of our hearing today, would be a formal

7 advocacy sentencing memorandum on Mr. Warren's behalf and on

8 behalf of the United States.

9          MR. SINDLER:  Even though it was discussed, I never

10 did file a sentencing memorandum on his behalf.

11          THE COURT:  The record would reflect that,

12 Mr. Sindler.  And nor has Ms. King because the obligation for

13 each of you to do that was held in abeyance because we knew we

14 would have this hearing today.

15          What the Court did get and has reviewed are

16 extensive documentations filed on both Mr. Warren's behalf and

17 the United States' behalf regarding the sentencing factors and

18 the application of certain federal sentencing statutes to the

19 calculation of mandatory minimum sentences and the advisory

20 guideline range in those regards.

21          The final document, the sentencing memorandum, the

22 advocacy document had been held in abeyance and has not been

23 filed.

24          Anything else Mr. Sindler that you or Mr. Warren

25 would like to place on the record.

1          MR. SINDLER:  No.

2          THE DEFENDANT:  No, Your Honor.

3          THE COURT:  Mr. Ortiz or Ms. King, anything else the

4 United States would like to place on the record?

5          MS. KING:  No, Your Honor.

6          THE COURT:  Thank you very much.

7          Mr. Babik, we'll ask those in the courtroom to just

8 remain at ease while the marshals assist Mr. Warren.  We'll get

9 that order up hopefully later today.

10      (Court adjourned.)

11                        -----

12

13                      CERTIFICATE

14

15      I, Juliann A. Kienzle, certify that the foregoing is
a correct transcript from the record of proceedings in the
16 above-titled matter.

17
s/Juliann A. Kienzle, RMR, CRR
18 _____
Juliann A. Kienzle, RMR, CRR
19

20

21

22

23

24

25