## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATIBA WARREN, | ) |
| | ) |
| Petitioner, | ) |
| | ) Criminal No. 2:13-cr-00270 |
| v. | ) Civil No. 2:19-cv-00016 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Petitioner, Atiba Warren ("Mr. Warren"), brings a motion to vacate his sentence pursuant

to 28 U.S.C. § 2255. Among other things, Mr. Warren alleges that he was misclassified as an

armed career criminal under the Armed Career Criminal Act ("ACCA"), 19 U.S.C. § 924(e), that

his attorney was ineffective by not adequately arguing that Mr. Warren was not an armed career

criminal, and that the warrantless search of his residence violated the Fourth Amendment. The

Government opposes Mr. Warren's motion.

Having reviewed the filings of Mr. Warren and the Government, as well as the record in

the case, the Court concludes that no evidentiary hearing will be held on the matters asserted in

Mr. Warren's original and amended motions to vacate because the filings and record of the case

conclusively demonstrate that Mr. Warren is not entitled to relief on these grounds. These

grounds will be denied with prejudice. However, the Court will grant Mr. Warren's request to

amend his petition in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided

after Mr. Warren filed his first amended petition. The Federal Public Defender shall be appointed to represent Mr. Warren as to this claim.

## I.    BACKGROUND

Following a jury trial in 2015, Mr. Warren was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Based on the presentence investigation report prepared by the United States Probation Office, and upon consideration of the objections raised by Mr. Warren's attorney and the responses by the Government, the Court concluded that Mr. Warren's prior convictions qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which subjected him to ACCA's mandatory sentencing enhancement. (Am. Tentative Findings at 3, ECF No. 206). Mr. Warren was sentenced to a prison term of 192 months on September 12, 2016, (Judgment, ECF No. 208), and he timely appealed his conviction to the Third Circuit. *United States v. Warren*, 723 F. App'x 155 (3d Cir. 2018). On appeal, Warren contended that the search of his home violated the Fourth Amendment and that two of his three prior convictions should not have been considered predicate offenses under ACCA. The Third Circuit rejected each of these contentions and upheld Warren's conviction and sentence. *Warren*, 723 F. App'x at 166. Mr. Warren petitioned for rehearing *en banc*, and his petition was denied on July 3, 2018. (Order, *United States v. Warren*, No. 16-3604 (3d Cir. July 3, 2018)). Mr. Warren did not file a petition for writ of *certiorari* in the Supreme Court of the United States.

Now before the Court is Mr. Warren's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 245), Mr. Warren's Motion to Appoint Counsel (ECF No. 250), Mr. Warren's Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 251), and Mr. Warren's Motion to

-2-

Amend/Correct his Motion to Vacate (ECF No. 255). Mr. Warren filed all of these motions *pro se*.

Upon receipt and review of Mr. Warren's original Motion to Vacate (ECF No. 245), the Court issued Mr. Warren a Notice pursuant to *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999), on January 22, 2019. (ECF No. 247). The Court notified Mr. Warren that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended 28 U.S.C. § 2255 so as to bar "second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals." (ECF No. 241 at 1–2) (quoting *Miller*, 197 F.3d at 649). The Court further notified Warren that 28 U.S.C. § 2255 now requires all petitioners to raise all claims for relief and materials to be considered in support thereof within the one-year statutory period in 28 U.S.C. § 2255. (ECF No. 241 at 2). Accordingly, the Court instructed Mr. Warren to elect whether to 1) withdraw the pending § 2255 motion in order to file a new § 2255 motion within the statutory term; 2) amend his § 2255 motion within 120 days after Warren informs the Court that he wishes to amend; or 3) have the Court adjudicate the § 2255 motion as then-filed. (*Id.*).

Mr. Warren timely responded to the *Miller* notice by filing a motion in which he asked the Court to appoint an attorney to "help" him with the § 2255 motion and in which he stated that he "elect[s] to present an amendment to the 2255 on record." (ECF No. 248). The Court denied Warren's Motion to Appoint Counsel without prejudice because the facts and allegations raised in his Motion to Vacate (ECF No. 245), as then-filed, facially did not appear to entitle him to relief. (ECF No. 249 at 2–3). Therefore, the Court concluded that the interests of justice did not require the appointment of counsel at that time. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court also construed Mr. Warren's filing as an election to amend his Motion to Vacate, and instructed Mr.

Warren to "file any amendment and/or supplemental materials to his § 2255 Motion on or before **June 4, 2019**." (ECF No. 249 at 3) (emphasis in original).

Mr. Warren timely submitted an amended Motion to Vacate (ECF No. 251) and renewed his Motion to Appoint Counsel (ECF No. 250). The Court directed the Government to respond to Warren's amended Motion to Vacate and the Court deferred ruling on his renewed Motion to Appoint Counsel pending the Government's response. (ECF No. 252). The Government responded on August 14, 2019. (ECF No. 259). Prior to the Government filing its Response, Mr. Warren filed a Motion to Amend/Correct his Motion to Vacate, (ECF No. 255), in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided by the Supreme Court on June 21, 2019.

Because Mr. Warren has been proceeding *pro se* in this matter, the Court will liberally construe his pleadings and filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As part of this liberal construction, the Court will consider all of the arguments and grounds raised in Mr. Warren's filings at ECF No. 245 and ECF No. 251 to constitute one comprehensive Motion to Vacate under § 2255. As such, any reference to the "Motion to Vacate" herein shall be understood to collectively refer to Mr. Warren's original Motion to Vacate (ECF No. 245) and his amended Motion to Vacate (ECF No. 251), unless the original Motion to Vacate or the amended Motion to Vacate is specifically referenced by its ECF number on the docket.

Having reviewed the materials of record and the filings in this matter, the Court concludes that the facts and allegations raised in Mr. Warren's Motion to Vacate, taken as true, would not entitle Mr. Warren to relief. For this reason and the reasons that follow, the grounds raised Warren's Motion to Vacate (ECF No. 245) and amended Motion to Vacate (ECF No. 251) will be denied with prejudice.

The Court will also, however, grant Mr. Warren's Motion to Amend/Correct at ECF No. 255 and consider his additional ground for relief, premised on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to be timely raised. Mr. Warren's Motion to Appoint Counsel (ECF No. 250) will be granted in part and denied in part. The Federal Public Defender will be appointed to represent Mr. Warren in this matter, and will be granted leave to supplement and expand upon his claims based on *Rehaif*. The Government will be granted leave to respond to Mr. Warren's counseled filings.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is required for a § 2255 motion unless the filings and record of the case conclusively demonstrate that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *see also Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). It is a relatively light burden for a petitioner to demonstrate that an evidentiary hearing is warranted. *See United States v. Askew*, No. 09-64, 2010 WL 324447, at \*5 (W.D. Pa. Jan. 21, 2010). In determining whether an evidentiary hearing is required, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005).

## III. ANALYSIS

Mr. Warren raises four grounds for relief in his original Motion to Vacate (ECF No. 245). Warren further briefed three of these grounds in his supplemental/amended Motion to Vacate

(ECF No. 251). The Court will address these grounds *seriatim*, and then take up Mr. Warren's additional pending motions.

### a. Ground I: ACCA Predicate (Distribution of Heroin)

Mr. Warren argues that his prior conviction for distribution of heroin under Maryland law does not qualify as a "serious drug offense" under 19 U.S.C. § 924(e)(2)(A)(ii) for ACCA purposes. If an element of a prior crime of conviction reaches more broadly and covers more conduct than the analogous generic offense under federal law, that prior conviction cannot be a predicate offense under ACCA. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the statute is indivisible, the *facts* of the defendant's prior conviction are immaterial—only the elements are to be considered. *Id.*

A prior state conviction qualifies as a "serious drug offense" under ACCA if it involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 19 U.S.C. § 924(e)(2)(A)(ii).[1] Mr. Warren argues that Maryland's "distribute" element is broader than the comparable federal element, and that this portion of the statute is indivisible. In support, Petitioner cites to a Maryland treatise with pattern jury instructions, *see* David E. Aaronson, Maryland Criminal Jury Instructions and Commentary § 7.46 (2017 ed.), and one intermediate appellate decision from the Maryland Court of Special Appeals, *see Rosenberg v. State*, 276 A.2d 708, 710 n.1 (Md. Ct. Spec. App. 1971).[2] In Warren's view, both of these

---

[1] Mr. Warren does not challenge that his prior conviction for distribution of heroin carried a maximum term of imprisonment of ten years or more, nor did he mount this argument on appeal. The Court concluded in its Amended Tentative Findings that Mr. Warren's conviction carried a maximum term of imprisonment of twenty years. (Am. Tentative Findings at 12–13).

[2] The Court has reviewed the additional authority from the Second, Fifth, and Tenth Circuits cited by Petitioner in his Motion to Vacate. These cases are not binding on this Court and, in the Court's estimation, are inapplicable to Petitioner's arguments. The Court does not find Petitioner's arguments based on these cases to be persuasive.

-6-

authorities establish that, under Maryland law, mere offers to deliver a controlled substance satisfy the "distribute" element of Article 27 section 286 of the Maryland Criminal Code, the statute under which Warren was convicted.[3]

There are a number of independent bases for the Court to reject this contention. First, this very same argument was raised before, and rejected by, the Third Circuit on Mr. Warren's direct appeal of his conviction. *Warren*, 723 F. App'x at 165–66. "[I]ssues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)); *United States v. Sanford*, No. 03-cr-15, 2010 WL 11507821, at \*4 (W.D. Pa. Sept. 30, 2010) ("It has long been settled under Third Circuit law that a petitioner generally cannot use 28 U.S.C. § 2255 to relitigate an issue litigated on direct appeal.") (citing *DeRewal*, 10 F.3d at 105 n.4; *Sonneberg v. United States*, No. 01-2067, 2003 WL 1798982, (3d Cir. Jan. 14, 2003); *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985)). This ground for relief is thus barred as such an attempt to relitigate a settled issue.

Mr. Warren did not raise this particular *argument* before this Court during his sentencing, but this does not disturb the Court's conclusion here. First, Mr. Warren did raise the *issue* by challenging the applicability of his heroin conviction as an "serious drug offense" under other theories, and the Court considered and rejected these contentions in the Court's Amended Tentative Findings. (Am. Tentative Findings at 12–13). Second, and more importantly, Warren *could have* raised this argument during his sentencing. A § 2255 petitioner will ordinarily procedurally default on claims that could have been raised on direct review unless the petitioner can demonstrate that he is actually innocent or that there was a valid cause for, and actual

---

[3] Mr. Warren's conviction for heroin distribution was in 2002. That same year, Article 27 section 286 was repealed and replaced by Md. Code. § 5-602. *See* 2002 Md. Laws Ch. 26. The prior and current statutory provisions appear to be identical in all material respects to this matter.

prejudice resulting from, the procedural default. *Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Mr. Warren does not claim that he is actually innocent, nor does he assert that there was a valid cause for neglecting to raise these arguments during his sentencing. And, in any event, the Court would conclude that Warren would not have been prejudiced by a failure to raise this argument on review. The Third Circuit reviewed Mr. Warren's arguments regarding his heroin distribution conviction under the plain error standard, but nonetheless considered the merits of his arguments. *Warren*, 723 F. App'x at 165–66. The Third Circuit analyzed the Maryland case that Warren cited in support, *Rosenberg*, and concluded that its "convoluted and attenuated reasoning reaches the wrong result at least in extending the definition of "distribute" to include an "offer."" *Warren*, 723 F. App'x at 165 (discussing *Rosenberg*, 276 A.2d at 710 n.1). And, as the Third Circuit observed, the jury instructions treatise that Warren relied on derived its instruction from *Rosenberg*, "rendering it just as problematic as a source." 723 F. App'x at 166. So, the only independent source of judicial authority for Mr. Warren's argument came from a single intermediate appellate court decision from nearly fifty years ago that employed "convoluted and attenuated" reasoning. *Id.* For these reasons, and after sound independent analysis, the Third Circuit predicted that the Maryland Court of Appeals would conclude that "distribution" of heroin under Maryland law would not include an "offer to deliver." *Id.*

This Court concludes that there is no basis to now vary from the Third Circuit's analysis and conclusions. Mr. Warren could not have been prejudiced by any failure to raise this argument during his sentencing because this argument is meritless.[4]

---

[4] The Court does not opine at this time on the Government's alternative argument that Mr. Warren's prior conviction for heroin distribution would still qualify as a "serious drug offense" even if Maryland's operative statute also criminalized offers to sell heroin. (*See* Gov't Resp. at 9, ECF No. 259).

## b. Ground II: ACCA Predicate (Robbery with a Deadly Weapon)

Mr. Warren's second ground for relief is that his prior conviction for robbery with a deadly weapon under Maryland law is not a predicate "violent felony" for ACCA purposes because Maryland's statute criminalizing robbery is "indivisible."[5] Mr. Warren also argues that robbery under Maryland law is not a "violent felony" because it can be committed by the use of *de minimis* force or threats against property. Finally, Mr. Warren argues that his conviction under Maryland law is broader than the "firearm, knife, or destructive device" requirement of ACCA.

Mr. Warren's first and second arguments are procedurally barred because they were fully litigated on direct review. The Court fully considered and rejected these arguments during Warren's sentencing, (Am. Tentative Findings at 3–11), and the Third Circuit likewise rejected these arguments during Warren's direct appeal of his conviction, *Warren*, 723 F. App'x at 161–65. As Mr. Warren observes, "[t]his issue was litigated extensively," (Am. Mot. to Vacate at 4, ECF No. 251), and Warren has advanced no reason for this Court to revisit this settled issue on collateral review.

Mr. Warren's argument regarding the "firearm, knife, or destructive device" "requirement" of ACCA is new. Because this argument could have been raised on direct review, Mr. Warren has procedurally defaulted on it. *Hodge*, 554 F.3d at 378–79. However, at any rate, the Court concludes that it is meritless. As stated in 18 U.S.C. § 924(e)(2)(B):

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or **any act of juvenile delinquency involving** the use or carrying of a **firearm, knife, or destructive device** that would be punishable by imprisonment for such term if committed by an adult[.]

---

[5] The operative statute under which Mr. Warren was convicted was Article 27 section 487 of the Maryland Criminal Code. (Am. Tentative Findings at 4; ECF No. 151-1).

A plain reading of this statute indicates that the "firearm, knife, or destructive device" requirement applies to acts of *juvenile delinquency. Accord United States v. Bankhead*, 746 F.3d 323, 325 (8th Cir. 2014). Adult convictions carry no such limitation, as is apparent from the preceding sentence in the statute. And, Warren's conviction was in 2002, (Am. Tentative Findings at 3), several years after Warren attained the age of majority. *See Warren*, 723 F. App'x at 157 ("On October 23, 2012, Atiba Warren was 32[.]"). Therefore, this provision does not apply to Mr. Warren and his argument related to 18 U.S.C. §§ 924(e)(2)(B)–(C) is meritless.

## c. Ground III: Ineffective Assistance of Counsel[6]

Mr. Warren also asserts that he was denied his Sixth Amendment right to counsel because his attorney did not "properly argu[e] that Petitioner is not an ACCA candidate." (Am. Mot. to Vacate at 23, ECF No. 251). Mr. Warren also claims that his attorney did not meaningfully challenge the Government's case. (*Id.*). More specifically, in his original Motion to Vacate, Mr. Warren claims that his attorney was ineffective because he failed to raise the aforementioned ACCA predicate offense arguments regarding his prior heroin distribution conviction in an objection before this Court during sentencing. (ECF No. 245 at 7).

In order to demonstrate a claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner "must show that counsel's performance was deficient." *Id.* at 687. A court must be "highly deferential" when reviewing an attorney's performance, and there is a "strong presumption" that the attorney's conduct was reasonable. *Id.* at 689. Second, a petitioner "must show that the deficient performance prejudiced the defense," *id.* at 687, by demonstrating "that

---

[6] There is no procedural default for failing to raise an ineffective assistance of counsel claim on direct review. *Massaro v. United States*, 538 U.S. 500, 503–04 (2003); *see also United States v. Palumbo*, 608 F.2d 529, 533 (3d Cir. 1979) (providing that "incompetent prior representation by counsel" is a possible exception to the rule that a § 2255 petitioner may not relitigate issues that were adjudicated at trial and on direct appeal).

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Both prongs must be established for a valid claim of relief. *Travillion*, 759 F.3d at 294. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Mr. Warren relies on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in support, but this is misplaced. There, the Supreme Court held that an attorney has a duty to consult with his client about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing," and the failure to do so can constitute deficient performance under *Strickland. Id.* at 480. But this rule is not implicated here because Mr. Warren *did* directly appeal his conviction. He was not, as he now argues, deprived of an appeal. And, as described in detail above, Mr. Warren's attorney *did* extensively litigate Mr. Warren's armed career criminal designation before this Court and the Third Circuit. Mr. Warren has put forth no basis to suggest that his attorney's investigation, preparation, or diligence exercised in this case was deficient in any manner, aside from bald and unsupported assertions. *Cf., e.g.*, *Berryman v. Morton*, 100 F.3d 1089, 1101 (3d Cir. 1996) ("The right to counsel does not require that a criminal defense attorney leave no stone unturned . . . it does require a reasoned judgment as to the amount of investigation the particular circumstances of a given case require."). For these reasons, Mr. Warren's arguments related to the issues that his attorney litigated before this Court and the Third Circuit lack merit. *Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

That said, one of Mr. Warren's contentions warrants further analysis. Mr. Warren faults his attorney for not arguing before this Court during sentencing that Warren's prior conviction

for heroin distribution cannot qualify as an ACCA-predicate offense. In Mr. Warren's view, presumably, had his attorney raised this issue during sentencing, his likelihood of success before this Court or the Third Circuit would have been greater.

The Court harbors substantial doubt that Mr. Warren's attorney's conduct even came close to constituting deficient performance under *Strickland*. Mr. Warren appears to take issue with the precise arguments that his attorney chose to pursue, but "the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). The Court is aware of no precedential authority endorsing Mr. Warren's theory that "distribution" under Maryland law encompasses mere offers. Rather, Mr. Warren "essentially seeks to have his counsel declared ineffective for the failure to assert an arguably relevant point contained within a not precedential opinion" of a Maryland intermediate appellate court. *United States v. Myers*, 364 F. App'x 769, 771 (3d Cir. 2010) (rejecting a similar argument in affirming the denial of a § 2255 motion). And, choosing which arguments to pursue and abandon is a matter within the realm of attorney discretion. *See, e.g.*, *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (providing that "decisions on whether to plead guilty, whether to testify, and whether to take an appeal" are "fundamental" decisions belonging to the client, but "all other decisions fall within the professional responsibility of counsel" after consultation with the client). Mr. Warren alleges no facts suggesting that his attorney did not consult with him regarding his strategy during sentencing. Mr. Warren may disagree with his attorney's decision to not raise this argument, and it's even possible that his attorney's decision or failure to do so

was (in hindsight) a poor strategy,[7] but in the Court's estimation, such conduct does not fall outside of "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

And, even if the Court were to conclude that Mr. Warren's prior counsel's representation was deficient by failing to raise the arguments now identified by Warren,[8] Mr. Warren's ineffective assistance of counsel claim must nonetheless be denied because Mr. Warren was not prejudiced by any alleged deficiencies. In order to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, for Mr. Warren to succeed, he must demonstrate that had his attorney argued during sentencing that "distribute" under Maryland law encompassed mere "offers" to sell heroin, instead of raising this argument on appeal for the first time, then there would have been a reasonable probability that either this Court or the Third Circuit would have concluded that his prior conviction for heroin distribution was not a predicate "serious drug offense" for ACCA purposes.[9]

As explained above, this Court agrees with the conclusion reached by the Third Circuit regarding Mr. Warren's arguments. There were no hints from the Third Circuit that they would have been more receptive to Mr. Warren's arguments had they been reviewing the issue *de novo* rather than under plain error review. Rather, the Third Circuit concluded that—even if Warren's position was correct—any potential error occasioned by this Court rejecting Mr. Warren's argument during sentencing would have been "far from 'plain.'" *Warren*, 723 F. App'x at 166.

---

[7] A conclusion that this Court does not at all reach.

[8] To be clear, the Court does not conclude that Mr. Warren's counsel was ineffective in any respect. Under Third Circuit law and *Strickland*, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" because "[t]he object of an ineffectiveness claim is not to grade counsel's performance." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 171 (3d Cir. 1993) (quoting *Strickland*, 466 U.S. at 697). Indeed, when "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

[9] *See* 18 U.S.C. § 924(e)(2)(A).

-13-

The Court has likewise considered Mr. Warren's arguments regarding his heroin distribution conviction at this time and finds them to be unpersuasive. The reasoning of *Rosenberg* is, in the Court's estimation, flawed, and Mr. Warren has not put forth any additional basis for the Court to reach a contrary conclusion to that of the Third Circuit on this matter. Thus, even if Mr. Warren's attorney erred in failing to raise this argument for the first time during Mr. Warren's sentencing, Mr. Warren was not prejudiced by such an error so as to satisfy *Strickland*'s standard. *Ross v. Dist. Att'y of the Cty. of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (quotation omitted).

### d. Ground IV: Fourth Amendment Violations[10]

Warren argues that the warrantless search of his residence in 2012 violated the Fourth Amendment due to a lack of exigent circumstances and probable cause justifying the law enforcement officers' entry. This exact argument and issue was raised before and rejected by this Court in a written Opinion after an evidentiary hearing and full briefing. (*See* Op. and Order, ECF Nos. 90, 91). Mr. Warren appealed this Opinion and Order to the Third Circuit on direct review, and the Third Circuit affirmed this Court's rulings as to these issues. *Warren*, 723 F. App'x at 158–60. Thus, Mr. Warren's Fourth Amendment arguments will not be reviewed here because they were "resolved in a prior direct appeal." *Travillion*, 759 F.3d at 288.

### e. Mr. Warren's Motion to Amend/Correct will be granted.

On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, Hamid Rehaif was alleged to have been unlawfully present in the United

---

[10] As pointed out by the Government, Mr. Warren did not raise or discuss this ground in his Amended Motion to Vacate at ECF No. 250. As explained above, because *pro se* pleadings and filings must be liberally construed, the Court will not infer or conclude that Mr. Warren intended to abandon this ground and will instead analyze this ground based on the facts alleged in Mr. Warren's original Motion to Vacate at ECF No. 245.

States and in possession of a firearm, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). *Id.* at 2194. At his trial, Rehaif objected to the trial judge's instruction to the jury that the "United States is not required to prove" that Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* Rehaif was convicted, and on appeal the Eleventh Circuit concluded that the jury instruction was correct. *Id.* at 2195 (citing *United States v. Rehaif*, 888 F.3d 1138, 1148 (11th Cir. 2018)).

The Supreme Court reversed, holding that, in order to convict a defendant for a violation of 18 U.S.C. § 922(g), the Government must show both that a defendant knowingly possessed a firearm and that the defendant knew that he fell within one of the listed categories of individuals in § 922(g) whom are prohibited from possessing a firearm. 139 S. Ct. at 2200.

On July 2, 2019, the Court received correspondence from Mr. Warren, stating as follows:

> I, Atiba Warren wish to (Pro Se) add this amendment in "light" of:
> Rehaif v. U.S., on grounds I was charged and convicted of
> 922(g)(1)

(ECF No. 255). The Court received no further correspondence from Mr. Warren regarding the *Rehaif* case nor did the Court receive any exhibits or other documentation in Mr. Warren's July 2, 2019, correspondence explaining how he believed that *Rehaif* applied to his case. Nonetheless, the Court will liberally construe this *pro se* filing as a request by Mr. Warren to raise a jury instruction challenge in light of *Rehaif.*

As an initial matter, the Court concludes that Mr. Warren's Motion to Amend/Correct was timely filed, and the Court will consider Mr. Warren's *Rehaif* claim to be timely raised within § 2255's statutory period. *See* 28 U.S.C. § 2255(f)(1) (providing that "[a] 1-year period of limitation shall apply" to a motion brought under § 2255 that shall run from "the date on which the judgment of conviction becomes final"). Mr. Warren's judgment of conviction became final

when his time expired for filing a petition for writ of *certiorari* in the Supreme Court. *See Clay v. United States*, 537, 522, 525 (2003). The Third Circuit denied Mr. Warren's petition for rehearing of his direct appeal *en banc* on July 3, 2018, and thus his deadline for filing a petition for writ of *certiorari* was October 1, 2018. (Sup. Ct. R. 13.3). Per § 2255(f), Mr. Warren's statutory deadline to file a motion under § 2255 does not expire until October 1, 2019.

Further, Mr. Warren's proposed amendment is not a "second or successive" motion under § 2255. Normally, a panel of the Court of Appeals must certify a "second or successive" motion under § 2255 based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). However, a motion to amend a § 2255 petition is not considered a "second or successive" motion unless it is filed after the complete adjudication of an initial § 2255 petition. *United States v. Santarelli*, 929 F.3d 95, 105 (3d Cir. 2019). The adjudication of a § 2255 petition is not "complete" for these purposes until "after the petitioner has exhausted all of h[is] appellate remedies with respect to h[is] initial habeas petition or after the time for appeal has expired." *Id.* It follows that a § 2255 petition cannot be "complete" where a court has yet to enter a final judgment on the petition, as no appellate remedies are available until after final judgment has been entered. 28 U.S.C. § 2255(d). Here, Mr. Warren filed his Motion to Amend/Correct prior to any judgment, final or otherwise, being entered on his Motion to Vacate, and thus the gatekeeping provisions of § 2255(h) are not implicated.

Finally, the Court notes that Mr. Warren's Motion to Amend/Correct was received prior to any response from the Government, so it appears to the Court that Mr. Warren's Motion to Amend/Correct must be granted as an amendment as of right. The Federal Rules of Civil Procedure apply to habeas corpus petitions, including those brought under § 2255. *United States*

*v. Thomas*, 221 F.3d 430, 434 (3d Cir. 2000). Rule 15(a) provides that a "party may amend its pleading once as a matter of course" within twenty-one days after service of a responsive pleading if a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B). The Court ordered the Government to respond to Mr. Warren's Motion to Vacate on June 11, 2019, (ECF No. 252), possibly qualifying the Government's response as a "responsive pleading" for the purposes of Rule 15(a). Ultimately, however, it is unimportant whether Mr. Warren had a right to amend, because Rule 15(a) further provides that the Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court concludes that Mr. Warren's Motion to Amend/Correct easily satisfies this standard. First, there is the practical reality that Mr. Warren could not have raised a *Rehaif* claim in his original or amended Motion to Vacate because *Rehaif* had yet to be decided when Mr. Warren timely filed these motions. And further, there is no evidence of delay on Mr. Warren's part. The Court received Mr. Warren's Motion to Amend/Correct mere days after the Supreme Court's decision. Rather, in the Court's estimation, Mr. Warren's Motion to Amend/Correct appears to be a diligent attempt on Mr. Warren's part to supplement his petition with a claim for relief that was previously unavailable to him. Second, given that Mr. Warren's Motion to Amend/Correct was filed well-within the statutory period in § 2255(h), the Government had yet to respond to Mr. Warren's Motion to Vacate, and the Court had yet to rule on Mr. Warren's Motion to Vacate, the Court concludes that the Government would not be prejudiced by the allowance of this amendment. Lastly, the interests of justice further weigh in favor of allowing this amendment because it seems plausible at this juncture that *Rehaif* could be relevant to Mr. Warren's conviction in some respects. Though the Court does not opine at this time as to the

merits of a claim premised on *Rehaif* as to Mr. Warren's case, it cannot be overlooked that *Rehaif* applies to the specific statutory provision that Mr. Warren was convicted of violating.[11]

In sum, the Court will grant Mr. Warren's Motion to Amend/Correct. His amendment was timely and will function to add a ground for relief premised on *Rehaif* to his initial and operative Motion to Vacate. The Court expresses no opinion on the merits of Mr. Warren's "*Rehaif* claim" at this time, and will grant leave for Mr. Warren to file a counseled response to supplement this ground for relief. The Government will have an opportunity to respond.

### f. Mr. Warren's Motion to Appoint Counsel will be granted in part and denied in part.

Mr. Warren originally requested that the Court appoint him "an attorney to 'help' with [his] 2255 motion" on February 4, 2019. (ECF No. 248). The Court denied this motion without prejudice after concluding that the facts as alleged in Warren's original Motion to Vacate (ECF No. 245), taken as true, did not appear to entitle him to relief. (ECF No. 248 at 2–3). Mr. Warren reasserted his Motion to Appoint Counsel on June 3, 2019, on the same date that he filed his amended Motion to Vacate at ECF No. 251. (ECF No. 250).

The Sixth Amendment right to counsel does not attach beyond a defendant's first appeal as of right in a non-capital case. *See McClesky v. Zant*, 499 U.S. 467, 495 (1991). "[I]t is well established that there is no right to appointed counsel in a federal habeas corpus case." *Flick v. Giroux*, No. 15-80J, 2015 WL 1412159, at \*1 (W.D. Pa. Mar. 26, 2015) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). However, a court may appoint an attorney to assist a financially eligible § 2255 petitioner when the Court determines that "the interests of justice so

---

[11] The Government argued in its response to Mr. Warren's Motion to Vacate that any amendment premised on *Rehaif* would be futile. (Gov't Resp. at 14–17). The Court expresses no opinion as to these arguments at this time.

-18-

require" such an appointment. 18 U.S.C. § 3006A(a)(2)(B). This is a matter of the Court's discretion. *Flick*, 2015 WL 1412159 at *1.

In determining whether the interests of justice require the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991), *superseded by statute*, 28 U.S.C. § 2254(d), *on other grounds as stated by*, *Obado v. United States Fed. Gov't*, 712 F. App'x 135 (3d Cir. 2018). Factors to consider include "the factual and legal complexity of the case, the petitioner's ability to investigate facts and present claims, the extent of factual disagreement between the parties, the arguable meritoriousness of the petition, the presence or absence of facial defects, such as non-exhaustion of state remedies, or the probable need for an evidentiary hearing." *Flick*, 2015 WL 1412159 at *1. In a related context, the Third Circuit also instructed district courts to consider (in addition to those factors listed above) the restraints placed upon a petitioner by his confinement, the degree of factual investigation that will be required, and whether a case is likely to turn on credibility determinations. *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993) (discussing factors to be considered in requesting an attorney to represent a *pro se* civil rights plaintiff proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915). As a threshold matter, however, the Court must examine the petitioner's claims to determine if they "ha[ve] arguable merit in fact and law." *Id.* at 155.

Mr. Warren cannot satisfy this threshold showing as to any of the claims raised in his original or amended Motion to Vacate. Mr. Warren's arguments premised on the search of his home and his "armed career criminal" status under ACCA were litigated before this Court and before the Third Circuit. Mr. Warren has advanced no basis in fact or law to revisit the

conclusions reached by either Court and is accordingly barred from relitigating these claims on collateral review. Mr. Warren has procedurally defaulted on any additional arguments related to his prior convictions as ACCA predicates, as all of these arguments could have been raised on direct review. Mr. Warren's ineffective assistance of counsel claim is likewise meritless, as Mr. Warren has failed to advance any basis from which any prejudice could be inferred from his attorney's representation.

This conclusion, that Warren's Motion lacks merit, is sufficient on its own for the Court to exercise its discretion in denying Warren's Motion to Appoint Counsel. Additionally, none of Mr. Warren's claims are of the type that would require significant factual investigation or the credibility determination of witnesses. Mr. Warren's ACCA arguments are pure statutory interpretation issues, and his ineffective assistance of counsel argument is premised on the issues that were raised before this Court and are currently of record. The only factually intensive claim that Mr. Warren brings is his Fourth Amendment claim, which has been litigated extensively both before this Court and the Third Circuit, and Mr. Warren is therefore barred from pursuing this claim further at this juncture. And while the Court is mindful of the severe restrictions that imprisonment places on any *pro se* litigant to pursue his claims, the Court further notes that Mr. Warren presented his claims in an organized and cogent brief, suggesting to the Court that Mr. Warren is capable of investigating the facts and presenting the claims relevant to the relief he seeks. For all of these reasons, and because the Court will deny the grounds raised in Mr. Warren's original and amended Motion to Vacate with prejudice, Mr. Warren's Motion to Appoint Counsel will be denied as to the grounds for relief raised in Mr. Warren's original and amended Motions to Vacate.

However, the Court concludes that the interests of justice require the appointment of counsel for Mr. Warren as to his ground for relief raised in his Motion to Amend/Correct, premised on *Rehaif*. As discussed above, *Rehaif*, at minimum, implicates 18 U.S.C. § 922(g), the statute that Mr. Warren was likewise convicted of violating. *Rehaif* also appears to have meaningfully changed Third Circuit law with respect to the required elements of a conviction under § 922(g). Prior to *Rehaif*, Third Circuit law was clear that a defendant's knowledge of his prohibited status was *not* a required element of a § 922(g) conviction. *See United States v. Higdon*, 638 F.3d 233, 239–40 (3d Cir. 2011) (listing elements as "(1) the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant *knowingly* possessed the firearm; and (3) the firearm had travelled in interstate commerce.") (emphasis added). Therefore, unlike Mr. Warren's other claims—which are facially meritless or procedurally barred—the Court cannot and does not conclude based on the current filings and record that *Rehaif* does not provide a possible avenue of relief for Mr. Warren.

This determination is buttressed by the Court's review of the trial transcript. The Court's instructions to the jury as to the elements required for a conviction under § 922(g) did not include Mr. Warren's knowledge as to his status of having been convicted of a crime punishable by one year or more. (Oct. 29, 2015, Trial Tr. at 132–36, ECF No. 225). This may now be an erroneous instruction in light of *Rehaif*. That said, Mr. Warren did not object to the Court's instructions during trial or challenge them on direct appeal. Accordingly, the Court anticipates that the pursuit of a *Rehaif* claim here will likely involve potentially complex issues of waiver, procedural default, and retroactive application of *Rehaif*, all of which would be much more ably presented by experienced counsel. The Court also concludes that the interests of justice weigh in favor of the appointment of counsel for this ground because *Rehaif* is of such recent vintage.

How it may apply to Mr. Warren or those similarly situated to him is far from clear, and it would help the Court to reach a more informed and reasoned decision if able counsel can present arguments on Mr. Warren's behalf, rather than the Court solely having the benefit of a counseled position from the Government.

\* \* \*

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the filings and record of the case conclusively demonstrate that Mr. Warren is not entitled to relief as to any of the grounds for relief currently advanced in his original Motion to Vacate (ECF No. 245) and his Amended Motion to Vacate (ECF No. 251). These motions will therefore be denied in part. All of the grounds for relief that are currently asserted in the Motions at ECF Nos. 245 and 251 will be denied with prejudice. No evidentiary hearing will be held as to these grounds.

Notwithstanding the foregoing, the Motions at ECF Nos. 245 and 251 will remain open and pending on the docket because the Court will grant Mr. Warren's Motion to Amend/Correct at ECF No. 255. The Court considers this ground for relief, premised on *Rehaif v. United States*, to be timely raised and part of Mr. Warren's initial § 2255 petition. The filings at ECF Nos. 245, 251, and 255, will be considered to collectively comprise Mr. Warren's initial and operative § 2255 petition, and Mr. Warren will be granted leave to file a counseled supplement as to this ground for relief. The Government will be given an opportunity to respond.

Mr. Warren's Motion to Appoint Counsel (ECF No. 250) will be granted in part and denied in part. The Court will grant the Motion and appoint the Federal Public Defender to

represent Mr. Warren with respect to his *Rehaif* claim, as the Court concludes that the interests of justice require the Court to do so. The Motion to Appoint Counsel is otherwise denied.

An appropriate Order will follow.

Mark R. Hornak
Chief United States District Judge

Dated:    August 26, 2019

cc:    All counsel of record, Defendant